[No. 889.　Decided March 28, 1894.]

# THE STATE OF WASHINGTON, *Respondent*, v. RICHARD REGAN, *Appellant*.

HOMICIDE — INFORMATION — FAILURE TO INDORSE STATE'S WITNESSES — EVIDENCE — CONVERSATIONS — GENERAL REPUTATION — IMPROPER ARGUMENT OF COUNSEL — EXCEPTIONS.

Where it does not appear that the defendant in a criminal prosecution was prejudiced by the fact that the names of the witnesses offered in rebuttal by the state were not indorsed upon the information, and no continuance was asked for on that ground, the error will be held harmless.

An information charged that the defendant "did feloniously, purposely and maliciously make an assault on one Edward Guthrie, and with a certain knife which he, the said defendant, then and there had and held in his hand, did then and there feloniously, purposely and maliciously strike, stab, thrust and cut at, upon and into the said Edward Guthrie, inflicting upon the said Edward Guthrie one mortal wound, of which mortal wound the said Edward Guthrie then and there died." *Held,* That the information was not bad for duplicity; that it charged acts constituting a crime; that it alleged the killing was done by means of a knife in the hands of defendant, and that a knife is *prima facie* presumed to be a deadly weapon.

Where a portion of a conversation has been drawn out in the examination of a witness, the opposing party is entitled to have the whole of it placed before the jury.

The refusal of the court to strike out improper remarks of counsel at the time of their utterance is harmless error, where the court later instructs the jury to disregard them.

No error can be founded upon improper argument of counsel where no motion is made to strike it, or the court asked to instruct the jury to disregard it.

General reputation cannot be proved by the testimony of a witness whose information is based on the story of one person.

*Appeal from Superior Court, Snohomish County.*

*James Hamilton Lewis,* and *Bell & Austin (E. S. Lyons,* of counsel), for appellant.

*L. C. Whitney*, Prosecuting Attorney, and *James A. Haight*, for The State.

The opinion of the court was delivered by

Scott, J.—The appellant was convicted of manslaughter for the killing of one Edward Guthrie, and has appealed therefrom. The information upon which he was tried is as follows:

*In the Superior Court of the State of Washington in and for Snohomish County.*

The State of Washington, *Plaintiff*, ⎫
     *vs.*         ⎬
Richard Regan, *Defendant.*    ⎭

Richard Regan is accused by J. W. Heffner, as prosecuting attorney in and for the county of Snohomish, State of Washington, by this information, of the crime of murder in the second degree, committed as follows:

The said Richard Regan, on the 8th day of November, A. D. 1892, in the county of Snohomish, State of Washington, did feloniously, purposely and maliciously make an assault on one Edward Guthrie, and with a certain knife which he, the said Richard Regan, then and there had and held in his hand, did then and there feloniously, purposely and maliciously strike, stab, thrust and cut at, upon and into the said Edward Guthrie, inflicting upon the said Edward Guthrie, in the abdomen of said Edward Guthrie, one mortal wound, of which mortal wound the said Edward Guthrie then and there died; against the peace and dignity of the State of Washington.    J. W. Heffner.

State of Washington, ⎫
           ⎬ ss.
County of Snohomish, ⎭

J. W. Heffner, being first duly sworn, deposes and says: That he is the duly elected, qualified and acting prosecuting attorney in and for said Snohomish county; that he knows the contents of the foregoing information, and that the same are true.    J. W. Heffner.

Subscribed and sworn to before me this 23d day of November, A. D. 1892.    Chris. T. Roscoe,

[L. S.]    *County Clerk and Clerk of Superior Court.*
By W. H. Kennedy, *Deputy.*

To this the defendant interposed a motion to quash, and also a demurrer. The motion to quash was on the ground that the information was improperly verified, and that the witnesses for the state were not indorsed thereon. The points raised upon the demurrer are, that the information is not specific or definite as to the crime charged, nor as to the particular circumstances constituting the alleged offense; that the information in no wise charges that an assault was ever made with a deadly weapon or with any other weapon, and does not allege that the said knife was used, or was so used by the defendant, or that the deceased was cut with a knife.

None of these points are well taken. The only object of the verification is to insure good faith in instituting the proceedings. It is no substantial part of the information, and the one before is sufficient under the previous decisions of this court.

It appears that the names of the witnesses who testified before the state rested were indorsed on the information, and it was within the discretion of the court to permit the prosecuting attorney to indorse the names of other witnesses after the trial was commenced. It does not appear that the defendant was in any wise prejudiced because the names of the witnesses who testified on rebuttal were not upon the information before the commencement of the trial. No continuance was asked for on that ground. See *State v. John Port Townsend*, 7 Wash. 462 (35 Pac. 367).

The information substantially conforms to the requirements of the statute. It states the acts constituting the offense in ordinary and concise language, so as to inform a person of common understanding with what he is charged. Nor does it charge two offenses, and the acts charged therein constitute a crime. It appears that the court had jurisdiction in the premises, and it is alleged that the kill-

ing was done by means of a knife. It will be presumed, at least *prima facie*, that a knife is a deadly weapon.

It is further contended that the court committed error in permitting the witness Lord to testify as follows:

"Q. Did you see the defendant? A. Yes, sir; from the window out in the street.

"Q. Where were you and what were you doing? A. I was at the bar about to take a drink. I made the remark — I asked who the gentlemen were who were looking in from the window. Guthrie was behind the bar.

"Q. What did you say, if anything, at that time? (This was objected to by the defendant as immaterial and irrelevant. The objection was overruled, and the witness answered). A. Well, I believe I made the remark — I asked who they were and if they were all right.

"Q. What did he (meaning Guthrie) say about these men being at the window, if anything? A. The remark he made, he said they would have to get away from the window."

It is contended by the respondent that this testimony was part of the *res gestæ*, and furthermore that it was admissible because, prior thereto, counsel for the defendant, in cross examining one Wilkinson, had drawn out a portion of said conversation. Upon this last ground the testimony in question was proper, and the record bears out the contention of the respondent with respect to it. Counsel for the appellant having gone into the matter, respondent was entitled to have the whole of it before the jury, and for that reason it is unnecessary to discuss the further proposition as to whether it was a part of the *res gestæ*.

It is contended that the court erred in sustaining an objection to a question asked the witness Butler, relating to the reputation of the deceased as to violence in the community where he had lived previous to his living in Snohomish county, where the crime was committed. It appeared from the testimony that this witness had known

the deceased for four months, and that his reputation in Snohomish county, so far as he knew, was good; but that along the line of the railroad in the eastern part of the state, where the deceased had worked, certain persons who were strangers to the witness had informed him in sub- stance that the deceased was of a quarrelsome disposition. In this connection counsel for the defendant stated to the court as follows:

"I propose to show the kind and manner of a man he was—his general reputation. I propose showing to the jury the kind of a man he was from the time he left Idaho, from the time, as I told the jury, of his forty fights, from the time he killed his man down on the Cœur d'Alene, until the time he failed to do the same thing at Sultan (re- ferring to the matter on trial). I propose showing what his reputation was all along from the time I have men- tioned to the time the witness knew him; to prove his character right through as such a man."

Counsel for the state objected to the witness' going out- side of the community in which the deceased lived. The court sustained the objection; exception was taken and al- lowed. Whereupon counsel for the defendant said that he understood the court to say that he could not show what the character of the deceased was as a turbulent man beyond the limits of Snohomish county.

In this connection a further error is alleged to the effect that counsel for the prosecution said that it was the de- fendant instead of Guthrie who killed a man at Cœur d'Alene, which arose as follows: The court was answering the last suggestion of counsel for the defendant and was interrupted by counsel for the prosecution, who stated:

"We will allow you to open that matter up and go right into it. We will withdraw our objection, but if you want to show us he (meaning the deceased) killed a man in Cœur d'Alene, we will show you it was the defendant in- stead of Guthrie. You are mistaken in the man."

Counsel for defendant excepted to this statement, and moved to strike it out. The court denied the motion. Later, however, during the progress of the trial, the court instructed the jury to disregard such statement. Immediately after the withdrawal of the objection counsel for defendant renewed his question, and the witness, without further objection, apparently detailed all he knew with reference to the character of the deceased, but said nothing of his having killed a man at Cœur d'Alene or elsewhere, and was not directly asked by counsel for the defendant with regard to it. We are of the opinion that there was no error in the premises prejudicial to the defendant, and it is unnecessary to pass upon the question as to whether the defendant had a right to show what the reputation of the deceased was prior to his coming to Snohomish county.

It is further contended that the court erred in sustaining an objection to a question asked one Mrs. Speer, as to the general reputation and character of the deceased for violence and turbulence. It appeared that all this witness knew with reference to the character of the deceased was as to what one person—Guthrie's wife—had told her, and she was therefore incompetent to testify on that point, and the objection was properly sustained.

In making his closing argument to the jury, counsel for the prosecution said, purporting to recite a part of the testimony, "He, Regan, says to Hines, 'we are going to be arrested.'" It is contended that this is error, for the reason that there is no evidence of any such statement in the record. Counsel for the defendant excepted to it, but it does not appear that he moved to strike it or asked the court to instruct the jury to disregard it. Consequently there is no foundation for any error in the premises. Furthermore, it does not appear that such statement could have been prejudicial to the defendant in any manner.

The next error complained of is with reference to the

instructions given to the jury. The charge is quite lengthy and consists of thirty separate instructions. Appellant sets forth nearly all of them in his brief and criticises each one independently; and he further alleges that the court erred in refusing to give nine of the sixteen instructions requested by the defendant, which are also set forth. It appears to us that the charge of the court fairly presented the case to the jury, and that there was no error in that which was given, or in refusing to give those instructions requested by the defendant which were refused. Some of the instructions given by the court would be open to criticism when considered without reference to others which were given, but when the whole charge is considered the objections are removed.

It is further contended that the evidence was insufficient to warrant a conviction, and that this court should set aside the verdict for that reason. After a careful review of the testimony, we do not feel that we would be warranted in reversing the case upon that ground.

Affirmed.

DUNBAR, C. J., and HOYT, ANDERS and STILES, JJ., concur.