(No. 5034. Decided December 22, 1904.)

THE STATE OF WASHINGTON, *Respondent*, v. FRANK VAN WATERS, *Appellant*.[1]

APPEAL AND ERROR—RECORD—REVIEW—CRIMINAL LAW—TRIAL —ARRAIGNMENT—BRINGING TO TRIAL WITHIN SIXTY DAYS. The denial of a motion to dismiss a prosecution, made upon entering a plea forty-five days after the filing of the information, on the ground that there had been such a delay in the arraignment that the prisoner was unable to prepare for trial within sixty days from the time the information was filed, will not be reviewed on appeal where the record does not show at what time the appellant was arraigned, since the court can not presume that it was delayed beyond a reasonable time, or that no sufficient cause appeared for the delay.

SAME—ABUSE OF DISCRETION. The denial of a motion to dismiss a prosecution, made at the commencement of the trial sixty-three days after the filing of the information, upon the ground that the prisoner was not brought to trial within sixty days, under Bal. Code § 6911, so requiring unless good cause is shown for the delay, will not be reversed except for abuse of discretion, and can not be reviewed where the record on appeal fails to show the order of the court setting the cause for trial, or the proceedings had thereon, since the order must be presumed regular and on sufficient cause.

CRIMINAL LAW—TRIAL—INDORSEMENT OF NAMES OF WITNESSES ON INFORMATION. It is not error to permit the state to indorse on the information the names of additional witnesses on the day before the trial.

RAPE—JURORS—CHALLENGE FOR CAUSE—SITTING ON SIMILAR TRIAL. In a prosecution for rape committed on the person of a child under the age of consent, a juror who had sat upon a trial wherein another person had been convicted of a similar offense, committed upon the same prosecuting witness, is not disqualified, where the crimes were separate and distinct and committed at different times; and a challenge for cause is properly overruled.

APPEAL—REVIEW—TRIAL—IMPROPER ARGUMENT OF COUNSEL— EXCEPTIONS. Error can not be predicated upon improper argu-

[1]Reported in 78 Pac. 897.

ment of counsel to the jury, upon exceptions thereto, unless the trial court is moved to act in the matter, and exceptions are taken to its refusal to act.

SAME—CURING ERROR. Where an attorney is rebuked for commenting on matters outside of the record, and the jury is told to disregard the statements, the error is sufficiently cured.

CRIMINAL LAW—TRIAL—VERDICT—EVIDENCE—SUFFICIENCY. A verdict will not be set aside in a criminal case where the direct evidence of the prosecuting witness is corroborated on all the material issues.

APPEAL AND ERROR — DECISION — CRIMINAL LAW — EXCESSIVE SENTENCE. The power of the appellate court to reduce an excessive sentence being doubted, the propriety of reducing a sentence from twenty-five years to five years is suggested to the pardoning power.

Appeal from a judgment of the superior court for King county, Bell, J., entered October 17, 1903, upon a trial and conviction of the crime of rape. Affirmed.

*Winsor & Hadley,* for appellant.

*W. T. Scott* and *Hermon W. Craven,* for respondent.

FULLERTON, C. J.—The appellant was tried upon an information charging him with the crime of rape, committed upon the person of a female child under the age of consent, found guilty of such crime, and sentenced to imprisonment for a term of twenty-five years in the state penitentiary.

From the record it appears that the appellant was held to answer for the crime charged by a committing magistrate on the 16th day of June, 1903, that an information was filed against him on the 15th day of July, 1903, that he plead not guilty to the information on August 29, 1903, and that he was brought to trial on September 16, 1903. The record does not make it appear at what time he was arraigned, nor does it show when the cause was set for trial, nor the proceedings had at that time. At the

time the plea was taken, the appellant filed a written motion asking for a dismissal of the proceedings against him on the grounds, (1) that he was not brought to trial within sixty days after the information was filed against him, and (2) because he had not been arraigned until more than sixty days after his arrest, and (3) because he had been confined in jail more than sixty days without trial. This motion the court overruled. At the trial, after the jury had been selected and sworn, the motion was renewed, although in a little different form from the written motion, the appellant claiming that he had not been arraigned in time to fairly prepare for trial and be tried within sixty days after the information had been filed against him. This motion was also overruled, and these rulings constitute the first error assigned.

The Code (§ 6910, Ballinger's) provides that, when a person is held to answer by a committing magistrate, if no indictment or information be filed against him within thirty days, the court must order the prosecution dismissed, unless good cause to the contrary be shown. It also provides (§ 6884) that he must be arraigned after the filing of the indictment or information, but no time is fixed within which such arraignment must take place. By § 6911, it is provided that, if the defendant whose trial is not postponed on his own application be not brought to trial within sixty days after the indictment or information is filed, the proceedings against him must be dismissed, unless good cause to the contrary be shown. A comparison of the dates above given will show that twenty-nine days elapsed between the time the defendant was held to answer and the time the information was filed against him; that he plead to the information on the forty-fifth day after it was filed, and was brought to trial on the sixty-third day thereafter

The appellant first urges that he was entitled to a dismissal on his motion, both under the terms of the statute and the general rules governing the practice in like cases, but we think the record shows no error in the court's rulings in that regard. The only ground tenable for dismissing the prosecution, at the time the written motion was filed, was that there had been a delay in the arraignment of the appellant for such a length of time that he was unable to prepare for trial within sixty days from the time the information was filed, and was thereby denied the benefit of the statutory provision granting him that right. But there is not sufficient in the record to enable us to review these orders in that respect. As we have stated, the record does not show at what time the appellant was arraigned, and this court cannot presume that it was delayed beyond a reasonable time, or that no sufficient cause appeared for such delay. To make a claim of error of this kind reviewable in this court, the appellant must bring up enough of the record to show what was before the trial court when his motion was denied. To show that the information was filed on a certain day, and that he plead on another and a later day, is not enough. It may be that a sufficient cause intervened to warrant the delay, and it will be so presumed unless the contrary appears. In matters in which the trial court is vested with discretion, error is never presumed, but to be available must appear on the face of the record.

The same conclusion must follow the ruling on the motion made after the trial had been entered upon. True, it appeared that the trial was commenced more than sixty days after the information had been filed. But the statute does not make this an absolute ground for dismissal—it requires a dismissal only where good cause to the contrary is not shown. The question of what constitutes good cause

is one primarily for the discretion of the trial court, to be reviewed here only in cases of abuse. To so review such an order, this court must have the whole record. A showing that there was a delay beyond the statutory period is not sufficient; it must appear that no sufficient cause for the delay was shown in the trial court. As the record here fails to show the order of the court setting the cause for trial, or the proceedings had at that time, it must be presumed that the order was regular, and was made upon sufficient cause. The motion to dismiss was, therefore, properly denied.

It is next assigned that the court erred in permitting the state to indorse on the information names of additional witnesses for the state on the day before the trial. The statute on this subject permits the state to indorse the names of witnesses on the information at any time before trial, as the court may, by rule or otherwise, prescribe. The record before us shows simply an application in writing to indorse certain names of witnesses on the information, its service upon the appellant, and the order of the court, entered on the day preceding the trial, granting the application. From all that is shown here, it seems to us that there was not even a departure from the strict rule of the statute, much less was there such a departure as to amount to an abuse of discretion sufficiently gross to require a reversal of the cause. Moreover, this court has repeatedly held similar orders of the trial courts not to be error. *State v. Lee Doon,* 7 Wash. 308, 34 Pac. 1103; *State v. John Port Townsend,* 7 Wash. 462, 35 Pac. 367; *State v. Bokien,* 14 Wash. 403, 44 Pac. 889; *State v. Kelly,* 14 Wash. 702, 45 Pac. 38; *State v. Holedger,* 15 Wash. 443, 46 Pac. 652; *State v. Lewis,* 31 Wash. 515, 72 Pac. 121.

It appears that one Patchen, at some time prior to the trial of the appellant, had been tried and convicted of a

like offense, committed upon the person of the prosecuting witness in this case. Certain jurors in attendance on the court, who had sat on the panel that had convicted Patchen, were called as trial jurors on the trial of the appellant. These were challenged for cause by the appellant, for the reason that they had sat as jurors in the former case. The challenge was denied by the court, and its ruling is assigned as error. There are cases which hold that a person who has sat as juror on the trial of a defendant is disqualified to sit on the trial of his co-defendant. The rule is founded on the principle that the second trial is but a retrial of the same offense, and that a juror who has heard and rendered a verdict in the first trial must necessarily have an opinion as to the guilt or innocence of the accused. But no such condition appears in the case before us. These were two distinct and separate crimes, committed at different times, having no relation, one with the other, save that they were of the same character and were committed on the same person. A juror who had been convinced of the guilt of the defendant in the first, could not, from that fact alone, have any knowledge or opinion as to the guilt or innocence of the defendant in the second, and, of course, would not be disqualified for that reason. We do not think the court committed error in its ruling.

In the course of his argument to the jury, the prosecuting attorney called attention to the opening statement of counsel for the appellant to the effect they would prove the appellant's good character, and stated that no witnesses to that effect had been produced. The appellant excepted to the statement, and contends here that the conduct of the prosecution was so prejudicial that the trial court should have granted a new trial. But if the remark was prejudicial, a question we do not decide, we think the

appellant has not brought it here for review. The remedy to correct misconduct of counsel is to move the trial court to act in the matter, and except to its refusal so to do, if it does so refuse; it is not enough merely to except to the supposed misconduct. *State v. Regan,* 8 Wash.· 506, 36 Pac. 472; *State v. Bailey,* 31 Wash. 89, 71 Pac. 715. Another statement made by the prosecuting officer was excepted to also, but the court rebuked counsel for digressing from the record and told the jury to disregard the remark. The fault of the remark lay in the fact that it was a comment on something outside of the record, and we think it was sufficiently cured by the action of the court.

It is next urged that the evidence was insufficient to sustain the verdict, but on this point we do not find that the record leaves the question in doubt. On all the principal issues there was the direct evidence of the prosecuting witness, corroborated by her companion, and, it seems to us, also, a very substantial admission on the part of the defendant himself. This clearly was evidence sufficient to make a case for the jury, in which body rested the duty of determining its truth or falsity.

The sentence imposed by the court, while within the limitations of the statute, seems to us unnecessarily severe in the light of the evidence. If we felt that it was within our recognized powers we would direct a modification of it, reducing the period to five years. But our investigations lead us to doubt the authority of an appellate court to reduce or modify a sentence which is within the discretion of the trial court to impose, and we mention the matter here in the hope it may aid the appellant in inducing the pardoning power to exercise its clemency in his behalf after he has served a reasonable time.

The judgment is affirmed.

HADLEY, DUNBAR, ANDERS, and MOUNT, JJ., concur.