[No. 5914. Decided February 19, 1906.]

THE STATE OF WASHINGTON, *Respondent,* v. WONG TUNG HEE, *Appellant.*[1]

CRIMINAL LAW — TRIAL — MISCONDUCT OF COUNSEL — CORRECTION. Statements of counsel for the state, on argument to the jury, which were outside of the record, will not constitute prejudicial error entitling the accused to a new trial, where the only statement objected to was in relation to the failure of the defense to produce witnesses at the preliminary examination, and the court upon request, fully and explicitly instructed the jury to disregard this and all statements outside of the record, and no exceptions were taken to the ruling of the court.

Appeal from a judgment of the superior court for Walla Walla county, Brents, J., entered July 6, 1905, upon a trial and conviction of the crime of manslaughter. Affirmed.

*Oscar Cain* and *M. O. Reed,* for appellant.

*Lester S. Wilson,* for respondent.

RUDKIN, J.—The defendant was convicted of the crime of manslaughter, under an information charging the crime of

1Reported in 84 Pac. 596.

murder in the first degree, and from the judgment and sentence of the court, this appeal is prosecuted. The errors assigned are all based on alleged misconduct of the prosecuting attorney in his closing argument to the jury, and the rulings of the court in relation thereto. In the course of his argument the attorney for the state made some allusion to the course pursued by the appellant on his preliminary examination. Counsel for appellant said, "I submit that the preliminary examination is not in this case." The court, "Mr. Wilson may be getting outside of the record, but every attorney in the country does it and ought to be willing to accord the same privilege to another. Mr. Wilson, do not transcend the record any more than you are warranted in. If I kept you all down to the exact material questions you could not speak over three minutes." To this statement or ruling of the court no exception was taken. Later in the argument the court of its own motion said, "Mr. Wilson, I think you are going too far. You are asserting matters and things not shown by the record. You can draw deductions if you have a mind to, but you ought not to state as a fact anything not shown by this record here."

At the close of the argument counsel for appellant said, "We desire to take exception to the statements of the prosecuting attorney regarding matters outside of the record and his misconduct in making this statement. The court: Will you designate those statements? Mr. Cain: In regard to our not producing witnesses at the preliminary hearing which under the law we are not entitled to. The court: I will strike it out. There are always statements made by counsel on each side that are not strictly evidence. Counsel frequently make statements not in evidence—that are hardly fair deductions from the evidence that is before the court. I called Mr. Wilson's attention to it, and I now strike it out. I will strike out any statement made as to any facts occurring outside of the evidence in this case. I will say to the jury now, before entering upon my general instructions—I will instruct the jury to disregard any statement made by counsel on either side of this case, that is not borne out by the testi-

mony in this case. Look to the testimony and the testimony alone in reaching your conclusion and in reaching the verdict you will render."

To which statement and ruling of the court no exception was taken.

While our attention has been directed to numerous statements made by the prosecuting attorney in the course of his argument, it will be seen from the foregoing reference to the record that the only statement objected to or called to the attention of the trial court was the statement in relation to the failure of the defense to produce witnesses at the preliminary examination. The court fully and explicitly instructed the jury to disregard this, and all other statements of counsel not borne out by the testimony, and no exception was taken to any of the court's rulings. This court has repeatedly held that, "The remedy to correct misconduct of counsel is to move the trial court to act in the matter, and except to its refusal so to do, if it does so refuse; it is not enough merely to except to the supposed misconduct." *State v. Van Waters,* 36 Wash. 358, 78 Pac. 897. See, also, *State v. Regan,* 8 Wash. 506, 36 Pac. 472; *State v. Hawkins,* 27 Wash. 375, 67 Pac. 814; *State v. Bailey,* 31 Wash. 89, 71 Pac. 715.

In this case there were no exceptions to any rulings of the court, or to any refusal to rule. The court corrected, so far as lay within its power, the only misstatement to which its attention was directed. Cases may arise in which statements of counsel outside the record will be so prejudicial to the rights of a party that no action of the trial court can counteract their effect, but no such case is presented here.

The judgment is therefore affirmed.

FULLERTON, HADLEY, CROW, DUNBAR, and ROOT, JJ., concur.