(55 Misc. Rep. 368.)

### BAIER v. KELLEY.

(Supreme Court, Special Term, New York County.   July, 1907.)

MORTGAGES—FORECLOSURE—APPOINTMENT OF RECEIVER.

> Though a receiver clause in a mortgage does not prima facie entitle the mortgagee to the appointment of a receiver, where it appears that the mortgage is a second mortgage, and that the parties in possession refuse to pay the interest and taxes, are receiving the rents, and there is a doubt whether the security is adequate, a receiver will be appointed.
>
> [Ed. Note.—For cases in point, see Cent. Dig. vol. 35, Mortgages, §§ 1374, 1375.]

Action by Anna M. S. Baier against Hannah E. Kelley.   Motion for receiver in action to foreclose mortgage.   Granted.

Charles Foster, for plaintiff.
Charles S. Clark, for defendant.

DAYTON, J.   The papers fail to show that the property is inadequate to secure plaintiff's mortgage.   Indeed, I think the contrary is shown.   The receivership clause in a mortgage does not prima facie entitle the mortgagee to the appointment of a receiver.   See Thomas v. Davis, 90 App. Div. 1, 85 N. Y. Supp. 661, where the court says:

"The general rule, as I understand it, is, when a mortgage contains such a provision, and it further appears, as here, that the mortgage sought to be foreclosed is a second mortgage, that the parties in possession refuse to pay the interest and taxes, are receiving the rents, and that there is doubt as to whether the security is adequate, that a receiver will be appointed."

Motion granted.

(55 Misc. Rep. 373.)

### NELSON v. FORTY–SECOND ST., M. & ST. N. AVE. RY. CO.

(Supreme Court, Trial Term, New York County.   July, 1907.)

NEW TRIAL—MISCONDUCT OF COUNSEL.

> Where, in an action against a street railway company for injuries to a passenger, plaintiff's counsel in his argument stated that "a man got $1,750 here yesterday for a shoulder," and defendant's counsel excepted, a verdict for plaintiff will be set aside, though his counsel stated that he was willing the jury should be instructed to disregard the remark.
>
> [Ed. Note.—For cases in point, see Cent. Dig. vol. 37, New Trial, §§ 43, 44; vol. 46, Trial, §§ 275–309.]

Action by Lillie Nelson against the Forty-Second Street, Manhattanville & St. Nicholas Avenue Railway Company.   Verdict for plaintiff. Motion for new trial granted.

George B. Class, for plaintiff.
James L. Quackenbush, for defendant.

MacLEAN, J.   In a sudden start case, wherein the testimony of the plaintiff, corroborated by one witness, was contradicted by that of three seemingly disinterested persons, besides the motorman, conductor, and inspector, the plaintiff's counsel, in summing up, said:   "A man got $1,750 here yesterday for a shoulder."   Before he could go further the

defendant's counsel interposed: "I ask for the withdrawal of a juror on that." To which plaintiff's counsel returned: "The sentence was not completed, and I am entirely willing that the jury may be instructed to disregard it in the strongest terms." Thereupon the court ruled: "The motion to withdraw a juror is denied. You may proceed." Counsel for the defendant took an exception. Two other applications for the withdrawal of a juror were made for other and lesser extravasations of zeal for the plaintiff's sake.

No allusion was made in the charge to these improprieties, the court, from observation had and inquiry made upon both sides of the bar, having no faith in retraction by others than those whose words should be withdrawn, and little trust in the efficacy of correction of statements by counsel or judge construable by jurymen into furtherance of the prejudice commonly obtaining in favor of the person—this time a woman—bringing the action and the frequent feeling that one who has been hurt should get something from somebody. Effort would have been futile to eliminate by disparaging instruction the effect of the suggestion, apparently well driven home, that it but remained for the jury assess the damages, of which one item in the tariff was $1,750 for shoulder. The motion to set aside the verdict and accord a new trial granted.

Motion granted.