[No. 11165.   Department Two.   August 15, 1913.]

CLARA E. CRANFORD, *Respondent*, v. JOHN H. O'SHEA, *Appellant.*[1]

PHYSICIANS AND SURGEONS—MALPRACTICE—DEGREE OF CARE. The standard of treatment required of a surgeon is not that of the locality in which he practices, but that of all similar localities.

APPEAL — REVIEW — HARMLESS ERROR — ERROR INVITED BY APPELLANT. The appellant cannot complain of error in an instruction where he requested instructions embodying the same error.

TRIAL—INSTRUCTIONS—APPLICABLE TO FACTS. It is not error to refuse an instruction, correct as a legal abstraction, where there was no evidence to which it could apply.

NEW TRIAL—MISCONDUCT OF COUNSEL—IMPROPER ARGUMENT. It is misconduct of counsel, warranting the grant of a new trial, to repeatedly indulge in inflammatory argument alluding to matters out-

[1]Reported in 134 Pac. 486.

2—75 WASH.

side of the record reasonably calculated to prejudice the appellant in the minds of the jury.

NEW TRIAL—GROUNDS—IMPROPER ARGUMENT—DISCRETION—NECESSITY OF EXCEPTIONS. Under the inherent power of the common law, as well as Rem. & Bal. Code, § 399, authorizing a new trial for irregularity depriving a party of fair trial or for the misconduct of the prevailing party, the trial court may exercise its discretion to grant a new trial for misconduct of counsel in argument to the jury depriving a party of a fair trial, although no exception was taken at the time of the improper remarks or request made to instruct the jury to disregard them.

SAME—DISCRETION OF COURT—FAILURE TO EXERCISE. Notwithstanding that the denial of a new trial would not have been an abuse of discretion, an erroneous denial for supposed lack of power, as a matter of law, is reversible error, where it appears that the trial court would have granted a new trial if it had supposed it had power to exercise its discretion.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered November 18, 1912, upon the verdict of a jury rendered in favor of the plaintiff, in an action for malpractice. Reversed.

*Lloyd E. Gandy* and *Graves, Kizer & Graves,* for appellant.

*Atwood A. Kirby* and *H. M. Stephens,* for respondent.

ELLIS, J.—Action against a surgeon to recover damages for alleged malpractice in the treatment of a broken leg. The jury returned a verdict for plaintiff in the sum of $5,000. Judgment was entered thereon, and the defendant has appealed.

Since none of the assignments of error are predicated thereon, we find it unnecessary to review the evidence. The errors claimed relate to the giving of an instruction, the refusal to give another, and to the denial of a new trial on these grounds, and because of alleged misconduct of respondent's counsel.

I. It is first claimed that the court erred in instructing the jury as follows:

"If the defendant at any stage of the treatment of the plaintiff, or at any time during his employment, failed to do what physicians and surgeons usually and generally in this locality would have done in the treatment of her, and because of such failure there was an unfavorable result, then the defendant would be liable to the plaintiff for the damages occasioned by such failure."

The instruction is faulty, in that it makes the standard of treatment that of the locality alone in which the appellant was practicing; whereas, the true standard is that of all similar localities. 5 Thompson, Negligence, § 6711. The appellant, however, is not in a position to avail himself of the error. He requested an instruction more elaborate in terms, but embodying the same restricted standard. Moreover, it is obvious that the error was no more prejudicial to the respondent than to the appellant.

II. The appellant requested an instruction to the effect that, if the jury found that an X-ray picture of the fracture should have been taken, it would not be negligence, as a matter of law, for the appellant not to have such picture taken at his own expense. The evidence showed that the limb was broken on January 17, 1911, and that an X-ray picture of the fracture was taken on February 3, 1911, at the request of the appellant. Who paid for it, did not appear. The requested instruction, whatever its merits as a legal abstraction, was properly refused, as there was no evidence to which it could apply.

III. In his closing address to the jury, senior counsel for respondent, doubtless inspired by a somewhat exaggerated sense of his duty to his client, repeatedly indulged in inflammatory argument, some of it alluding to matters outside of the record. The address was reasonably calculated to prejudice the appellant in the minds of the jurymen. For example, referring to the appellant and his treatment of the respondent, he said:

"He has no more right to ruin her by maltreatment than he would have by ravishing her, not a bit."

And again:

"I tell you, ladies and gentlemen of the jury, that if you do, if you say by your verdict in this case that the doctor has not done anything but what he ought to have done, and that he did not leave anything undone that he ought to have done, I want to quit practicing law, because I will know then that the poor have not any chance in this world with these great railroad physicians, calling to their aid the most eminent railroad lawyer in the city and the most eminent railroad doctors as well as others. I will reach the conclusion that it is no use to fight because of the justice of the case, but you must get where the influence or the money is, or you will lose out."

Much beside of a similar character was said, but it would extend this opinion to an unreasonable length to set out all of the objectionable matter. A reading of the entire argument convinces us that had the trial court granted a new trial because of it we would not have been warranted in disturbing his action. Respondent's counsel claims that his language was used in reply to argument of the same kind by appellant's counsel. Nothing specific, however, is pointed out excusing the language used. Respondent cites authority to the effect that a first offender by improper argument cannot complain of a reply in kind. This is undoubtedly the general rule, but we fail to find anything in the argument of opposing counsel, so far as set out in the record, sufficient to invoke that rule. Counsel for appellant did not interrupt the argument with objections; but at its conclusion, and after the jury had retired, took exceptions thereto. The court asked if it was desired that the jury be recalled and instructed to disregard the remarks excepted to. To this counsel replied that there was no objection to the court doing so if he thought he ought to, and added:

"But I don't think that an instruction to the jury to disregard that would cut any figure. Your honor can't recall the exact language that was used and change the impression that was made by it. It is misconduct of counsel in my judg-

ment of the very grossest kind and it is impossible to eradicate it from the jury's mind by just telling them to disregard it . . . I don't think that the practice of telling the jury to disregard that in any way cures it, either as a fact or a matter of law."

The jury was not recalled, and no instruction touching the matter was given. This misconduct of respondent's counsel seems to have been pressed as the principal ground relied upon for a new trial. In overruling the motion for a new trial, the court said:

"In every properly conducted jury trial, each actor has his own well defined duty to perform—the judge, his and the attorneys, theirs; and it would ill become a judge to interfere, *sponte sua*, with the duty of the attorney, barring exceptional cases. This is particularly true when counsel are experienced.

"One of the duties of counsel is to observe what opposing counsel is saying and to make timely objection whenever, in his opinion, his opponent is saying anything not warranted in the case and prejudicial to his own client. If opposing counsel makes unauthorized statements in his argument to the jury, he should instanter object thereto and move the court to warn the jury not to regard them. If he remains silent, the jury may well believe that the offending statements are true and unanswerable. If, however, objection had been made promptly and the objection sustained and the jury warned, it is quite likely that the jury would resent the wrongful statement. It is also likely that if opposing counsel's first wrongful remark had been interrupted and stopped, he would not have repeated the offense. Failure to object only urged him on to other and perhaps more flagrant remarks.

"I see no good reason why the rule of the supreme court should not be applied to the trial court, requiring due objection and exception to be taken under these circumstances before a motion for a new trial will be entertained. So far as the offending language is concerned, I should have no hesitancy in granting a new trial on account thereof, had the necessary objection been taken. Mr. Graves may incorporate my view as to the effect of the language used, in the order denying motion for new trial, if he desires."

The court expressly refused to enter an order placing his denial of a new trial on the discretionary ground of estoppel by failure to object implied in the first part of his announcement, but did enter an order denying a new trial on the ground that he had no legal power to grant it. The order entered, omitting formal parts, is as follows:

"In the opinion of the court, the language of counsel for plaintiff, excepted to by the defendant and urged upon the court as a ground for a new trial, is such that the motion should be granted and would be granted if timely objection had been taken thereto. The court holds, however, as a matter of law, that objection should be made to the language at the time it is used, and the court should have been moved at that time to warn the jury to disregard such language, and the court is further of the opinion that he has no power, as a matter of law, to grant a new trial on account of said language because timely objection was not made, and the motion is overruled because of this view of the law.

"If the court were wrong in this view of the law, a new trial would be granted by this court, and this court is of the opinion that if wrong in that view of the law, a new trial should be granted on account of the several matters and things contained in the closing argument of counsel for the plaintiff."

It will be noted that the court, both in his oral announcement and in his formal order, expressed the clear opinion that the offending language, even in the absence of what he deemed timely objection thereto, was such as would have impelled him to grant a new trial had he believed that he possessed the legal power to do so. His formal order, which we have seen he signed advisedly, is based unqualifiedly upon the sole ground of lack of discretionary power, as a matter of law, to grant a new trial, because no exceptions were taken at the very time when the remarks were made and because of the failure of counsel to then move the court to instruct the jury to disregard the objectionable language, though such exceptions were taken immediately after the jury retired; and the court then had an opportunity to so instruct before the

jury had fairly entered upon its deliberations. In this, the court was in error. Neither the statute nor the law, in the absence of statute, so circumscribes the trial court's discretion. The statute, Rem. & Bal. Code, §399, subdivisions 1 and 2 (P. C. 81 § 729), reposes a clear discretion in the trial court to grant a new trial for "(1) Irregularity in the proceedings of the court, jury or adverse party . . . by which such party was prevented from having a fair trial; (2) Misconduct of prevailing party . . ." The statute contains no restrictions of the exercise of this discretion to instances where exceptions were taken at the moment of the offense, nor to cases where the court was asked to give the cautionary instruction. The discretion of the trial court, where alleged misconduct is the basis of the motion for a new trial, is not made to depend upon either of these circumstances. The discretion to grant a new trial is, by the statute, reposed in the trial court whenever the irregularity of the adverse party is such as to prevent a fair trial. The discretion to grant a new trial to the end that justice might be attained existed at common law as an inherent power of the court, independently of statute. As pointed out in *Sylvester v. Olson*, 63 Wash. 285, 115 Pac. 175, this inherent power is recognized in the first reported case upon the subject. *Wood v. Gunston*, Style 466, (1655), and is amply expounded and sustained by Lord Mansfield in *Bright v. Eynon*, 1 Burr. 390, 395. The statutory enumerations of grounds for a new trial do not restrict this inherent power in the absence of an express restriction. 14 Ency. Plead. & Prac., 718; *Sylvester v. Olson, supra.*

There being, in our statute, no restriction of the trial court's discretion to entertain a motion for a new trial on account of misconduct to those cases where exception was taken at the moment of the offense and the court asked for a cautionary instruction, it follows that the assumption by the trial court of such a restriction, and his consequent refusal

to entertain the motion for a new trial on its merits and exercise his discretion, one way or the other, was error.

Had the trial court exercised his discretion, passed upon the merits of the motion, and either granted or refused a new trial in accordance with his views of the merits, we could not, under the circumstances of this case, have disturbed his ruling. We could not have said, as a matter of law, in either case, that he had abused his discretion, in the absence of a timely exception to the objectionable argument and the request for an instruction that it be disregarded. The trial court may consider these things in the exercise of its discretion as affecting the merits of the motion, but not as abrogating his discretionary power. The discretion is vested in the trial court, not in this court. We can only disturb the action of the trial court where there has been a clear abuse of its discretion, or where its action is based upon a misconception of the law. *Snider v. Washington Water Power Co.*, 66 Wash. 598, 120 Pac. 88; *Norman v. Bellingham*, 46 Wash. 205, 89 Pac. 559; *Clark v. Great Northern R. Co.*, 37 Wash. 537, 79 Pac. 1108.

The respondent claims that the trial court had no power to grant a new trial, and cites the following authorities, which he claims sustain that contention. *Keough v. Seattle Elec. Co.*, 71 Wash. 466, 128 Pac. 1068; *State v. Smails*, 63 Wash. 172, 115 Pac. 82; *Taylor v. Modern Woodmen of America*, 42 Wash. 304, 84 Pac. 867; *State v. Wong Tung Hee*, 41 Wash. 623, 84 Pac. 596; *State v. Van Waters*, 36 Wash. 358, 78 Pac. 897; *State v. Bailey*, 31 Wash. 89, 71 Pac. 715; *State v. Regan*, 8 Wash. 506, 36 Pac. 472.

These were all cases in which, so far as the record shows, a new trial was refused by the trial court. While some of these decisions use language apparently broad enough to sustain the position of the respondent here, the real distinction lies in the fact that, in each of these cases, the trial court, so far as the opinion shows, did entertain the motion and denied it on its merits and did exercise its discretion in over-

ruling the motion; while in the case here, the trial court expressly refused to exercise its discretion.   This question, if presentèd in any of the cases cited, was not passed upon by this court.   While we said in *State v. Smails, supra*: "No error can be founded on improper argument of counsel to the jury where no motion is made to strike it or the court asked to instruct the jury to disregard it;" that was said of our own attitude in reviewing the trial court's refusal to grant a new trial in the exercise of its discretion; not of its refusal to exercise a discretion, which was in effect a refusal to entertain the motion.   To say that the refusal of a new trial in such a case is not error in law, is far from saying that to grant a new trial would be error in law.   To hold the two synonymous would be to ignore the ever present element of the discretion vested in the trial court.   To say that the refusal to grant a new trial in such a case is not an abuse of discretion, is by no means to say that there is, as a matter of law, no discretion.   A failure to recognize this distinction would lead to the most incongruous results.   The present case furnishes a good example.   The law is clear that, where the misconduct is of such a nature that the trial court cannot say that its injurious effect was removed by an immediate exception, a retraction, a reprimand, and an immediate instruction to the jury to disregard it, the trial court may, in his discretion, grant a new trial, even when such exception was reserved, such a retraction was made, such a reprimand administered, and such an instruction given. *Rogers v. Kangley Timber Co.*, 74 Wash. 48, 132 Pac. 731; *Snider v. Washington Water Power Co., supra; Florence Cotton & Iron Co. v. Field*, 104 Ala. 471, 16 South. 538; *Bullard v. Boston & M. R. R.*, 64 N. H. 27, 5 Atl. 838, 10 Am. St. 367; *Rudolph v. Landwerlen*, 92 Ind. 34; *Nelson v. Forty-Second St. M. & St. N. Ave. R. Co.*, 55 Misc. Rep. 373, 106 N. Y. Supp. 552.

But here the trial court found that, had all these things been done, had he been specifically moved to instruct the jury

to disregard the objectionable language, and by a fair presumption had he so instructed, still the misconduct was so flagrant that the motion for a new trial on that ground should have been, and would have been, granted. In other words, he based his refusal of a new trial upon the lack of things which, had they been present, would have been, in his opinion, idle and ineffective, believing that the lack of these things, though their presence would have been idle, precluded the exercise of his discretion, as a matter of law. The law was never intended to render the trial court powerless to do justice, or to produce such incongruous results.

In *Schuette v. St. Louis Transit* Co., 108 Mo. App. 21, 82 S. W. 541, under a statute declaring that "no exceptions shall be taken in an appeal or writ of error to any proceedings in a circuit court, except such as shall have been expressly decided by such court" (Revised Stat. of Missouri, 1889, § 2302), the court of appeals, after noticing several decisions in each of which the trial court had been sustained in overruling a motion for a new trial where no exceptions had been taken to the misconduct when it occurred, said:

"The granting of a new trial presents quite a different question, and very materially alters the aspect the case would have presented had the motion for a new trial been overruled. It is well-settled law that a trial court may, in the exercise of a sound discretion, set aside the verdict of the jury on its own motion. Not only is this true, but it is also the law that it is the duty of the trial court to set aside a verdict whenever, in its judgment, the verdict has been obtained by unfair and illegal means; and appellate courts, for obvious reasons, will not interfere with the exercise of this discretion, unless it very clearly appears that the court acted arbitrarily, or otherwise abused its powers. The judge presiding at the trial may keep the arguments of counsel in the proper channel. To do this when no objection is made by the opposing party is, in some circumstances, a very delicate matter, and interference of doubtful propriety. The circumstances may be such that the judge may deem it the wiser course to await the verdict of the jury, and then grant a

new trial, if, in his opinion, the verdict is for the wrong party, or, if for the right party, it is excessive. Whether or not the jury was influenced by an improper argument, the trial judge is in a better position to form a correct idea than is the appellate court. The jury is immediately under his eye and hence he is in a position to mark the effect (if any) the improper and illegal argument is having on the jury as it progresses. And whenever from what he has observed at the trial and from the verdict itself, he determines that the jury was improperly influenced and their verdict is tainted with passion or prejudice, his ruling ought not to be interfered with, unless it clearly appears that he has injudiciously and erroneously exercised his discretion by setting aside the verdict."

In *Cook v. Doud,* 14 Colo. 483, 23 Pac. 906, another case in which a new trial was granted by the trial court, though no exceptions were preserved during the progress of the argument, the supreme court of Colorado, in affirming the order on the ground that there was no abuse of discretion, after alluding to the fact that the trial court can better measure the effect of the misconduct than the reviewing tribunal, said:

"Moreover, trial courts themselves are not entirely free from responsibility under circumstances like those here presented. Improper conduct before them, however manifested, should be rebuked and repressed. And no case has been cited which holds that the mere silence of opposing counsel estops the court from granting relief by a new trial when the rights of litigants have been prejudiced through misconduct in argument."

In *Kinnaman v. Kinnaman,* 71 Ind. 417, another case deciding the same question, the court said:

"The court had a better opportunity of judging as to the probable effect of the improper remarks of counsel than we can have, and we can by no means say that any error was committed in granting a new trial. But it is insisted by counsel for the appellant, that, as no exception was taken, the error, if any was committed, was waived. In the case of *The St. Louis, etc., Railway Co. v. Myrtle,* 51 Ind. 566, 576,

it is said that 'It is settled by the very decided weight of authority, that the failure of the court to interpose, when opposing counsel are present in court to interfere, and do not ask the interposition of the court, or object to the line of argument being pursued, will not entitle the party to a new trial.' But we do not think the doctrine of that case applicable where the court below grants the new trial. In other words, we do not think it error to grant a new trial for such cause, though no objection was interposed by opposing counsel to the line of argument being pursued. The presumptions are in favor of the correctness of the action of the court below."

See, also, *Martin v. State,* 63 Miss. 505, 56 Am. Rep. 812; *Greenfield v. Kennett,* 69 N. H. 419, 45 Atl. 233. As we have said, this was a case involving the exercise of the discretion of the trial court. Had the trial court exercised that discretion one way or the other, we could not, upon the record before us, have held that he had abused his discretion. But since he refused to entertain the motion for a new trial solely upon the mistaken assumption that he had no power to grant it, and at the same time expressed the opinion that, upon the merits of the motion, a new trial should be granted, he has made it plain that, had he exercised the discretion which we have found is reposed in him by the law, he would have granted a new trial. Following the course adopted in *Clark v. Great Northern R. Co., supra,* we reverse the judgment and remand the cause with direction to grant a new trial.

CROW, C. J., MAIN, FULLERTON, and MORRIS, JJ., concur.