[No. 12270. Department Two. December 15, 1914.]

THE STATE OF WASHINGTON, *Respondent*, v. G. W.
MEYERKAMP, *Appellant*.[1]

RAPE—WHAT CONSTITUTES—"RESISTANCE." Under Rem. & Bal.
Code, § 2435, which, in defining rape, states disjunctively that the
offense may be committed (1) when without consent and against
will, (2) when resistance is forcibly overcome, and (3) when re-
sistance is prevented by threats and fear of immediate and great
bodily harm, the "resistance" spoken of is not one of the essential
elements of the crime, but is evidence of want of consent, which is
one of the essential elements.

INDICTMENT AND INFORMATION—ALTERNATIVES. Under Rem. & Bal.
Code, § 2435, providing that rape may be committed in one of several
ways, it is proper to charge the commission of the offense in one or
all of the ways, where they are not inconsistent or repugnant, al-
though they are stated disjunctively in the statute.

RAPE—INFORMATION—REPUGNANCY. Upon a charge that rape was
committed without consent, and that resistance thereto was forcibly
overcome and was prevented by fear of immediate and great bodily
harm, the charges are not inconsistent or repugnant.

WITNESSES—CROSS-EXAMINATION—SCOPE. Where part of a con-
versation is brought out on cross-examination, on redirect the op-
posite party has the right to the whole thereof.

TRIAL—RECEPTION OF EVIDENCE—MOTION TO STRIKE. A motion to
strike an answer to a question relates only to the last answer pre-
ceding the motion.

APPEAL—REVIEW—HARMLESS ERROR—OBJECTIONS. Error cannot
be predicated on a motion to strike an answer to a question when no
reason was given therefor.

WITNESSES—CROSS-EXAMINATION—SCOPE. The latitude to be al-
lowed on cross-examination of an accused person, will not be dis-
turbed except for abuse of discretion, and none appears where the
facts drawn out went to his credibility and the weight to be given
his evidence.

TRIAL—MISCONDUCT OF COUNSEL—REQUEST FOR INSTRUCTION. A
reversal for misconduct of counsel in argument to the jury cannot
be urged, where the bounds of legitimate argument were not trans-
gressed; nor unless after protest, there is an instruction requested
that the jury disregard the statement, unless the conduct was so
flagrant that it could not be cured by instructions.

[1]Reported in 144 Pac. 942.

Appeal from a judgment of the superior court for King county, Mackintosh, J., entered January 29, 1914, upon a trial and conviction of rape. Affirmed.

*Jno. Mills Day*, for appellant.

*John F. Murphy* and *Thomas J. L. Kennedy*, for respondent.

MAIN, J.—The defendant in this case was charged with the crime of rape. The information, aside from the formal parts, is as follows:

"He, said G. W. Meyerkamp, in the county of King, State of Washington, on the 13th day of September, 1913, did then and there forcibly, wilfully, unlawfully and feloniously perpetrate an act of sexual intercourse with one Mary Walls, then and there a female person over the age of ten years, not the wife of said G. W. Meyerkamp, against her will and without her consent, the resistance of the said Mary Walls to said act of sexual intercourse being then and there by the said G. W. Meyerkamp overcome by means of force and prevented by fear of immediate and great bodily harm, which she had reasonable cause to believe would be inflicted upon her by said G. W. Meyerkamp."

To this information, a demurrer was interposed, but overruled by the trial court. The cause was tried to a jury and a verdict of guilty returned. A motion in arrest of judgment, and, in the alternative, for a new trial, being made and overruled, the appeal is prosecuted from the judgment entered upon the verdict.

The first question is whether the information charges a crime. It is claimed that the information charges that the crime was perpetrated in two ways which are inconsistent. The statute, Rem. & Bal. Code, § 2435 (P. C. 135 § 365), after defining rape provides, that "Every person who shall perpetrate such an act of sexual intercourse with a female of the age of ten years or upward not his wife . . . (2) When her resistance is forcibly overcome; or (3) When her resistance is prevented by fear of immediate and great bodily

harm . . ." shall be punished as therein provided. The resistance spoken of in the statute is not one of the elements of the crime. It is evidence of the want of consent, which is an element. McClain, Criminal Law, § 440. Where the statute provides that a crime may be committed in different ways or by different means, it is proper to charge in the information that the crime was committed in one of the ways or by one of the means specified in the statute, or in all of the ways. Even though the statute disjunctively connects the different ways or means, the information may allege them conjunctively, provided the different ways or means are not repugnant to each other. *State v. Adams*, 41 Wash. 552, 83 Pac. 1108.

In the present case, the information charges that the resistance of the complaining witness was overcome by means of force and prevented by fear of immediate and great bodily harm. The ways or means charged by which the resistance was overcome are not inconsistent or repugnant. Both may have existed; and if the evidence of the complaining witness in this case is true, they both did exist at the time the crime was perpetrated.

It is next claimed that the court erred in the scope which it allowed to the redirect examination of the prosecuting witness. On cross-examination, after asking a number of questions as to what had been said to her by other members of her family prior to the time she was taken to the county jail, where she identified the defendant, the following occurred:

"Q. Did they tell you they had caught the man who assaulted you? A. Well, they said they caught a man. Q. Didn't say it was the man who assaulted you? A. No, they said it was a man that insulted the little Goza girl. Q. Didn't tell you it was the man that assaulted you? A. No. How did they know? Mr. Day: I move that the answer be stricken."

The motion to strike was resisted and the court, without specifically ruling upon it, directed that the examination

20—82 WASH.

proceed. On, redirect examination, the prosecuting attorney, over the objection of the defendant, was permitted to inquire of the witness further as to what was said to her prior to the time that she went to the jail to make the identification. In answer to one question, she stated that she had been told that the little Goza girl had identified the man.

The general rule is that where, upon cross-examination, a part of the conversation upon a particular subject-matter is brought out, the opposite party, on redirect examination, has a right to the whole thereof. *State v. Regan*, 8 Wash. 506, 36 Pac. 472; *State v. Thomas* (Iowa), 138 N. W. 864; *Jones v. State*, 59 Tex. Cr. 559, 129 S. W. 1118. But the defendant claims that his motion to strike referred to the answer in which the Goza girl was mentioned, and that the court erred in failing to cause the answer to be stricken. The record, as shown by the excerpt above quoted, does not support this contention. After this answer to the question was made, another question was propounded and the answer given before the motion to strike was interposed. As the record stands, the motion to strike applies to the answer which immediately preceded it, to which no objection is urged. There is another reason why no error can be predicated upon the motion to strike. In making the motion no reason therefor was given. The trial court had a right to know upon what particular ground the defendant based his motion. Reference to the Goza girl having been brought out first on cross-examination, the scope allowed the inquiry upon redirect examination did not constitute error.

It is also contended that the latitude allowed in the cross-examination of the defendant was error. The crime was committed on the 13th day of September, 1913, at about 3 o'clock in the afternoon. The defendant, on his direct examination, attempted to account for himself at this particular time in such a way that it would have been impossible for him to have been present at the scene of the crime. On cross-examination, over objection, his habits upon other afternoons than

this were inquired into. He was then occupying the position of chef at the Seattle Athletic Club. The inquiry was directed to show that he was relieved from duty at about 2 o'clock p. m., and was not required to report again until time to prepare for the evening meal. The purpose of this inquiry was to show the probability or the improbability of his having been relieved from duty on the day in question in time to have reached the place where the crime was committed. It went to his credibility and the weight to be given to his testimony.

The scope of the cross-examination of a witness is largely within the discretion of the trial court. In the absence of abuse of such discretion, no error can be claimed. There was here obviously no abuse of discretion.

Finally, it is claimed that the prosecuting attorney in his argument to the jury, made statements not justified by the record which were prejudicial to the defendant. To this objection, there are two answers: First, that the bounds of legitimate argument were not transgressed; and second, no proper objection appears in the record. When the statement complained of was made, the defendant objected because it was not a proper discussion of the evidence, and entered a protest in the record. An exception was noted. No motion was made that the court instruct the jury to disregard the statement. Misconduct of counsel cannot be urged as error unless the trial court was requested to correct it by instructing the jury to disregard the same and an exception taken to the court's refusal so to do, unless, as in the case of *Cranford v. O'Shea*, 75 Wash. 33, 134 Pac. 486, the misconduct was so flagrant that no instruction would cure it. *State v. Regan*, supra; *State v. Bailey*, 31 Wash. 89, 71 Pac. 715.

The judgment will be affirmed.

CROW, C. J., MOUNT, FULLERTON, and ELLIS, JJ., concur.