DETERMINED IN THE

# SUPREME COURT

OF

# WASHINGTON

[No. 12841. Department Two. December 23, 1915.]

JOHN PAPOUTSIKIS, *Appellant*, v. SPOKANE, PORTLAND &
SEATTLE RAILWAY COMPANY, *Respondent*.[1]

MASTER AND SERVANT—INJURY TO SERVANT — NEGLIGENCE — VIOLA-
TION OF RULES—EVIDENCE—SUFFICIENCY. It is a question for the
jury to determine whether a section foreman was guilty of negli-
gence in entering a curved cut with a hand car at the rate of twenty
miles an hour, under the company's rule to approach with great
caution, keeping a lookout for trains, and sending a man ahead if
the view is not clear, where it appears that the curve was not a
sharp one, and the cut was not so deep as to obscure the view of the
smoke of an approaching train, and within the curve there was a
view from the center of the track for one thousand feet ahead.

SAME—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—EVIDENCE—SUFFI-
CIENCY. The fact that a section man was hurt when a hand car was
stopped to avoid collision with a train is not evidence of negligence
on the part of the foreman in charge of the car, especially where
there was evidence that he jumped off needlessly and was the only
man injured; since the jury might have found that he alone was
negligent.

APPEAL—PRESERVATION OF GROUNDS—EXCEPTIONS. Error cannot be
predicated on misconduct of counsel in argument to the jury, in the
absence of any exceptions thereto at the time.

Appeal from a judgment of the superior court for Spo-
kane county, Kennan, J., entered March 22, 1915, upon the
verdict of a jury rendered in favor of the defendant, in an

[1]Reported in 153 Pac. 1053.

action for personal injuries sustained by a railroad section employee. Affirmed.

*Hibschman & Dill* and *C. H. White*, for appellant.

*Cannon & Ferris*, for respondent.

BAUSMAN, J.—Papoutsikis, riding on a hand-car with a foreman and other workmen, was injured by either falling or jumping off at the approach of an extra train. The latter came on slowly and, before it passed, the foreman had time to pick up Papoutsikis as well as to take the hand-car from the track. The jury having found for defendant, Papoutsikis appeals here an action for personal injuries. Errors are assigned only on the grounds that the verdict is against the law and evidence, and that there was misconduct by opposing counsel.

The accident happened in a curved cut, and such places, the company's rules prescribed, should be approached by hand-cars "with great caution, keeping a look-out for extra trains which will be run without notice  .  .  .  Where view is not clear for a distance endangering movement of hand-car, one or more men shall be sent forward."

The first error is based on the Federal liability act abolishing the fellow-servant doctrine. Under that statute, appellant's counsel argue, the injured workman is denied damages only when the negligence is all his own; if there be any in the owner or a fellow servant, the workman must recover something; even if he, too, be negligent, he must get at least nominal damages, the jury being then allowed merely to reduce proportionately his award. Now, the jury having found wholly for the employer, counsel concedes that it must have found the negligence to have been in Papoutsikis alone. This conclusion, however, is asserted to be impossible under the evidence because that disclosed negligence undeniable. They begin by saying that the company's rule was violated. The hand-car in charge of the foreman was running, it is

argued, excessively fast. Evidence there is that it went into the cut at twenty miles an hour, and this speed at such a place seems to the appellant to be of itself a violation of the rule. The jury, satisfactorily instructed on the law, must, in his opinion, have disregarded the facts.

With this we do not agree. The rule was not mandatory. No speed limit was prescribed, no place fixed for the sending forward of men. The curve was by no means a sharp one, the grade almost level, and the cut not so deep as to shut off the smoke of every approaching train. From the middle of the track within the cut, one can see forward more than a thousand feet. It was, then, for the jury to decide whether the foreman was using caution there, for the case is not that of *Tills v. Great Northern R. Co.*, 50 Wash. 536, 97 Pac. 737, 20 L. R. A. (N. S.) 434, where the foreman knew a train was soon due, but deliberately raced forward, past bluffs, curves, and timber, to pass it at a convenient place. Thus, even assuming that a violation of the rule might have been here a proximate cause of the injury, the jury had grounds to find that there was no violation.

But it is argued, the man being actually hurt and there being no proof that he himself was at fault, the master's agents must have been. This would mean that, wherever there is a mishap, some one or other must have been negligent. Now, we do not agree with that. Some accidents there are where nobody is negligent, accidents pure and simple. That is perhaps the view the jury took. Moreover, there is testimony that Papoutsikis himself was to blame, for, according to some, he was not thrown by a sudden stoppage, but jumped off in a fright, and whether that fright was an excusable or a foolish alarm was, again, a question for the jury. Nobody else acted thus. Nobody else was hurt. Even that the car was stopped suddenly was disputed. In short, there is a state of facts here from which the jury could conclude Papoutsikis was negligent and that nobody else was.

The second assignment of error is laid in misconduct of counsel for the company in remarks to the jury, but no exceptions appear to have been taken to these remarks when he uttered them. We have held, indeed (*Cranford v. O'Shea*, 75 Wash. 33, 134 Pac. 486), that, even without concomitant objection, abuses of that kind may be raised in the trial court upon motion for new trial, and thus be saved for consideration here. That, however, is a procedure for aggravated cases and not to be favored. As to the remarks to this jury, we do not deem them grave in their effects, even if improper.

The judgment is affirmed.

MORRIS, C. J., MAIN, PARKER, and HOLCOMB, JJ., concur.