[No. 14700.  Department Two.  July 3, 1918.]

THE STATE OF WASHINGTON, *Respondent*, v.
J. E. JOHNSON, *Appellant*.[1]

CRIMINAL LAW—EVIDENCE—CONFESSIONS.  Whether a confession of illegal possession of whiskey was obtained by duress is irrelevant where the accused testified on the stand to everything in the confession save only that he testified that he "thought" it was whiskey.

CRIMINAL LAW—APPEAL—MISCONDUCT OF COUNSEL—RECORD.  Error cannot be assigned upon improper argument of the prosecuting attorney, in the absence of a request for an instruction to the jury to disregard it.

SAME—APPEAL—RECORD — AFFIDAVITS.  Affidavits upon a motion for a new trial must be certified as part of the statement of facts, or they cannot be considered.

Appeal from a judgment of the superior court for Snohomish county, Alston, J., entered June 9, 1917, upon a trial and conviction of violating the prohibition law.  Affirmed.

*J. Y. Kennedy,* for appellant.

*Lloyd L. Black* and *Jesse H. Davis,* for respondent.

CHADWICK, J.—This case is a companion case and involves the same crime as described in *State v. Seablom, ante* p. 53, 173 Pac. 721.  It is complained that the confession of Johnson should not have been received.  The only difference between the case of Seablom and appellant is that appellant says that the deputy prosecuting attorney said: "We have got you under a charge of burglary.  You had better tell something.  You are trying to protect Wallin . . . You are getting in bad yourself."

Appellant requested the following instruction:

"You are instructed that no officer or person having the custody and control of the body or liberty of any

[1]Reported in 173 Pac. 723.

person under arrest, shall refuse permission to such arrested person to communicate with his friends or with an attorney, nor subject any person under arrest to any form of personal violence, intimidation, indignity or threats for the purpose of extorting from such person incriminating statements or confession.''

The error complained of rests upon the testimony of the appellant that the officers refused to permit him to use the telephone or to procure an attorney, and the so-called threat of the deputy prosecuting attorney. Inasmuch as appellant was a witness and testified even in greater detail to everything written in the confession, and the controversy over the admission of the confession goes only to the question whether the appellant said that he had transported ''whiskey'' in his automobile or, as he now contends, that he ''thought it was whiskey,'' we think the question raised is really irrelevant to the issue, for, under appellant's own theory, if the words had been written down ''I thought it was whiskey,'' he would not now be complaining. Whether it was whiskey or not is a question of fact and, as we have held in the *Seablom* case, appellant is concluded by the verdict.

In his closing argument to the jury, the prosecuting attorney said:

''These officers wanted to get just what these men had said, but they wanted it right, because, if Wallin was guilty they could convict Wallin; if they were guilty, so they couldn't change their testimony and say they were only guilty of a minor charge. As a matter of fact, my friends, I am not sure but what these men are exceedingly fortunate in not being tried for grand larceny, a penitentiary offense.''

Upon objection, the court said: ''I think you had better not press that for the present.'' It is complained that this was misconduct and prejudicial to the

extent of depriving appellant of a fair trial. The granting of a new trial for misconduct of counsel, unless entirely flagrant, is within the discretion of the trial court (*Johansen v. Pioneer Mining Co.*, 77 Wash. 421, 137 Pac. 1019), and from the record we must now assume that counsel was content to arrest the prosecuting attorney in his argument. He did not move the court to instruct the jury to disregard the statement of the prosecutor. We have held frequently that a mere objection to improper argument on the part of an attorney is not enough; for, being bound to credit the jury with common understanding, we must, in the interest of finality in judicial proceedings, presume that the jury would understand that the argument to which an objection has been sustained was not to be considered in making up a verdict. If the misconduct is such as to warrant the belief that an improper impression may be carried away by the jury, it is incumbent upon the appellant to ask the court to specially direct the attention of the jury to the improper argument and to advise it that such argument is not to be considered. *State v. Regan*, 8 Wash. 506, 36 Pac. 472; *State v. Bailey*, 31 Wash. 89, 71 Pac. 715; *State v. Meyerkamp*, 82 Wash. 607, 144 Pac. 942; *Cranford v. O'Shea*, 75 Wash. 33, 134 Pac. 486; *State v. Johnston*, 83 Wash. 1, 144 Pac. 944.

It is finally insisted that the judgment should be reversed and the verdict set aside because one of the jurors was knowingly prejudiced against appellant and concealed his belief as to his guilt or innocence at the time he was examined on *voir dire*. The showing made by appellant is by affidavits which were before the trial judge when he passed upon the motion for a new trial. They are brought here in the transcript and are not made a part of the statement of facts. We have so often held that affidavits that are not certified as a

part of the statement of facts will not be considered upon appeal that it is unnecessary to cite the authorities. There is no error, and the judgment is affirmed.

MAIN, C. J., MOUNT, HOLCOMB, and MACKINTOSH, JJ., concur.