CHARLES WEBER, Respondent, v. ANCIENT ORDER OF PYRAMIDS, Appellant.

Kansas City Court of Appeals, February 1, 1904.

1. **CONTRACTS: Non Est Factum: Pleading: Verification.** Although an answer denies the execution of a contract, its execution stands confessed unless the answer is verified.

2. ————: **Corporations: Ultra Vires: Pleading.** The defense of *ultra vires* is affirmative matter and should be specially pleaded and if not so pleaded the corporation can not rely upon such defense.

3. **BENEFIT SOCIETIES: Medical Examination: Waiver.** The objection that the insured did not submit to a medical examination can not be heard after the contract has been entered into by the insurer.

4. ————: **Form of Certificate: Waiver.** Where a benefit society issues its benefit certificate it can not defeat a recovery thereon because the certificate was not in the form prescribed by its executive council.

5. ———: Breach of By-Laws: Pleading. An answer that merely states that the insured did not comply with the provisions of the by-laws is faulty, since it must specify in what the violation consisted.

6. ———: Proofs of Loss: Denial of Liability: Waiver. A denial *in toto* of all liability waives proofs of loss.

Appeal from Jackson Circuit Court.—*Hon. Roland Hughes*, Special Judge.

AFFIRMED.

*John Sullivan* for appellant.

(1) The court erred in admitting exhibits "Agy" and "bgy" as a contract binding appellant. (2) The court erred in ruling that a person could become a member by process of an attached "rider" to another society's certificate. (3) The court erred in admitting the alleged letter of Mr. Taylor in evidence. (4) The so-called "rider" contract, even if it could be made, was never completed by Mrs. Weber, and the court erred in admitting it. (5) The court erred in not sustaining the demurrer of defendant below at the close of plaintiff's case.

*McCluer & Bowling* for respondent.

(1) As the answer in this case was not verified as required by section 746, Revised Statutes of 1899, the contract sued on stood confessed as a valid instrument. The effect of failure to verify the answer has been taken up by the court in the case of Smith Company v. Rembaugh, 21 Mo. App. 390, and fully considered. (2) Appellant's second assignment of error is as follows: "The court erred in ruling that a person could become a member by process of an attached 'rider.'" There are numerous reasons why this assignment is not well

taken. Vining v. Ins. Co., 89 Mo. App. 311; Henning v. Ins. Co., 47 Mo. 425; Baile v. Ins. Co., 73 Mo. 371; Worth v. Ins. Co., 64 Mo. App. 583; Duff v. Fire Assn., 56 Mo. App. 355; Duff v. Fire Assn., 129 Mo. 460; Drug Co. v. Robinson, 81 Mo. 18; Welch v. Brewing Co., 47 Mo. App. 608; Glas v. Brewing Co., 47 Mo. App. 639; Grohman v. Brown, 68 Mo. App. 636; Hall v. Bank, 45 Mo. 418; Cauveren v. Ancient Order of Pyramids, 72 S. W. 141; Hirschl on Fraternal Societies, p. 34; Bacon on Benefit Societies, sec. 434; Harvey v. Grand Lodge, 50 Mo. App. 472; Chadwick v. Triple Alliance, 56 Mo. App. 463; Grand Lodge v. Reneau, 75 Mo. App. 402. (3) Appellant's third point is as follows: The court erred in admitting the alleged letter of Mr. Taylor in evidence. There was no error in the admission of this letter.

ELLISON, J.—This action is based on a benefit certificate of life insurance. The judgment in the trial court was for the plaintiff.

It appears that plaintiff's deceased wife was a member of the order known as the "Knights and Ladies of the Fireside," and a benefit certificate of insurance was issued by that organization. Afterwards this was transferred to defendant, the latter issuing what is termed a "rider," whereby it contracted to, and did assume, the obligations and benefits of the original certificate. This rider appears to have been duly executed by defendant's officers and attached to the original.

The state of the pleadings practically settles the principal points in this case in favor of the plaintiff. The defense is based largely on the statement that defendant did not execute the rider contract: that is to say, that there was no proper proof of its execution by plaintiff. The answer was not verified by affidavit and therefore the contract made with the defendant as charged and as filed with the petition, stood confessed.

Smith v. Reinbaugh, 21 Mo. App. 390; Thomas v. Ins. Co., 73 Mo. App. 371.

But defendant argues that if the contract was executed by defendant as appears on its face, it is still of no force or obligation, being *ultra vires* the power of the corporation to receive the deceased as a transferee, or to issue the "rider" contract in the manner claimed. The defense of *ultra vires* is affirmative matter which should be specially pleaded. It was not so pleaded by defendant and consequently it can not be heard on that head. Williams v. Verity, 73 S. W. 732; that case cites Louisville Tobacco Co. v. Stewart, 70 S. W. 285. It is likewise supported by Griesa v. Ins. Co., 15 N. Y. Supp., affirmed in 133 N. Y. 619.

Defendant sets up one of its by-laws which requires as preliminary to the issuance of a benefit certificate, that there shall be a medical examination approved by its medical director. And that the deceased did not furnish such examination. It may be answered to this, that that was an objection which should have been made by defendant before entering into the contract. By executing the contract, defendant waived the prerequisites it prescribed as necessary to induce it to become obligated. Watts v. Ins. Co., 111 Iowa 90; McElwain v. Ins. Co., 63 N. Y. Supp. 293.

Defendant next sets up that its by-laws require that all benefit certificates issued shall be on forms furnished by the executive council. But nevertheless it made the present contract without requiring that form and can not now complain. In this connection, defendant says that no certificate duly signed by the proper officers was issued to deceased. This objection is disposed of in what we said as to there being no denial of the contract under oath.

It is next set up by answer that deceased did not comply with a certain section of the by-laws as to when and how payments were to be made. The particulars of the breach of this law are not alleged, the answer

merely stating that she "did not comply with the pro-visions of said requirements." The law referred to sets forth in detail what is to be done in certain con-tingencies and when assessments are to be credited to the member, etc. .The answer should have specified wherein deceased violated the law.

It lastly sets up by answer that no death proofs were made, or offered. It was not necessary that proof should be made, since defendant denied *in toto* all liability.

After a full examination of the points made against the judgment we conclude they are not sufficiently well founded to authorize our interference. In our view, considering the issues as made by the pleadings, plain-tiff did not need some of the evidence he offered.

Under the case made by the pleading and proof the judgment was manifestly for the right party and will be affirmed. All concur.