[No. 5823.   Decided March 16, 1906.]

LOUISE TAYLOR, *Respondent,* v. MODERN WOODMEN OF AMERICA, *Appellant.*[1]

INSURANCE — BENEFIT CERTIFICATES — CONDITIONS PRECEDENT — PLEADING—GENERAL DENIAL.  In an action upon a benefit certificate, in which the plaintiff alleges generally the performance of all conditions precedent, the defendant, in order to rely upon a breach of any such condition, must specifically plead the condition and breach, a general denial being insufficient for that purpose.

EVIDENCE—WRITTEN ANSWERS OF DECEASED—BEST AND SECONDARY. In an action upon a benefit certificate, the written answers of the deceased, as contained in the physician's report, is the best evidence of his disclosures to the physician, and it is not error to exclude the physician's evidence as to such disclosures.

SAME—CAUSE OF DISEASE—MATERIALITY.    In an action upon a benefit certificate, evidence as to what cause the deceased had attributed a disease is immaterial.

SAME—OPINION EVIDENCE—NON-EXPERTS.    In an action upon a benefit certificate, it is proper to exclude the opinion of a non-expert witness as to conduct of the deceased indicating that he had a certain disease.

APPEAL—REVIEW—HARMLESS ERROR.    Excluding evidence as to whether the deceased had complained of weakness is not prejudicial where the witness had testified to an instance of that character.

EVIDENCE—MEDICAL EXPERTS—COMPETENCY.    A medical expert is shown to be competent to give an opinion as to whether a cancer was of recent growth, where it appears that he graduated in medicine twenty years ago, had practiced ever since, taken post graduate courses, assisted in performing the operation upon the deceased, and saw and examined the cancer.

[1]Reported in 84 Pac. 867.

APPEAL—RECORD—AFFIDAVITS. Affidavits used upon a motion for a new trial cannot be considered on appeal when not embodied in a statement of facts.

APPEAL—REVIEW—EXCEPTIONS—TRIAL—IMPROPER STATEMENTS OF ATTORNEY. A mere exception to improper statements of counsel to the jury, without moving the court in the matter, is insufficient to secure a review of error assigned thereon.

SAME—HARMLESS ERROR. Error assigned upon the misstatement of the evidence by counsel, in argument to the jury, is cured where the court immediately upon exceptions taken instructs the jury to disregard the same.

Appeal from a judgment of the superior court for Whatcom county, Neterer, J., entered July 22, 1905, upon the verdict of a jury rendered in favor of the plaintiff, in an action upon a benefit certificate. Affirmed.

*Emery, Rourke & Denney (Ben. D. Smith, of counsel),* for appellant.

*Newman & Howard,* for respondent.

HADLEY, J.—This is an action to recover upon a fraternal beneficiary certificate. Plaintiff is the widow of the insured, and is the beneficiary named in the certificate. A trial was had before a jury, and a verdict was returned in favor of the plaintiff. The defendant moved for a new trial, and the motion having been denied, judgment was entered by the court in accordance with the verdict. The defendant has appealed.

It is assigned that the court erred in denying appellant's motion for nonsuit at the close of respondent's case in chief. To make clear what is involved in this assignment, it is necessary that we shall examine the condition of the issue as submitted by the pleadings. The complaint alleges that the deceased kept and performed all the terms and conditions required by the benefit certificate. All other material averments of the complaint are expressly admitted by the answer. There is a general paragraph in the answer as follows:

20—42 WASH.

"Defendant, further answering, denies each and every allegation and averment contained in the said complaint of the plaintiff, except as herein expressly admitted, qualified, or explained." Affirmative averments then follow, whereby certain facts are alleged as to the by-laws of the appellant and the application for membership by the deceased. These are followed by averments which are specifically designated as the "affirmative ground of defense," and by which it is alleged that the application for membership contained certain questions which were answered therein by the deceased and by him warranted to be true; that the following question was asked: "Are you now of sound body, mind and health, and free from disease or injury?" and that it was answered, "Yes." It is alleged that the answer was false in that the applicant had at that time the disease known as "piles," and that he also had cancer; that the following question was also asked: "Have you ever had any disease of the following named organs, or any of the following named diseases or symptoms: Cancer; piles?" and that the same was answered, "No." It is alleged that the answer was false in that the applicant had at that time, and prior thereto, the disease of cancer of the rectum, and also the disease known as piles.

It will be observed that the allegations are that the applicant was so afflicted at the time he answered the questions. The truth of the answers became a condition precedent to the validity of the contract of insurance, and the written evidence offered in chief, which contained the application of the insured, supported the truth thereof for the purposes of submitting to the jury. But appellant urges the following statement in the application as a further condition precedent: "Any certificate which shall be issued to me in pursuance of this application shall be delivered to me after adoption and while in sound health and in pursuance of the by-laws of the society." The certificate was not delivered until some time after the application was made, and appel-

lant contends that it was incumbent upon respondent to show by proof at the trial that the above as a condition precedent was performed, and that the applicant was in sound health at the time the certificate was delivered. Respondent's position is that, under the issues as presented by the pleadings, that burden was not placed upon her. She alleged generally the performance of all conditions, such being strictly permissible under Bal. Code, § 4934. The section also provides that, when such allegations are controverted, the party pleading them shall be bound to establish on the trial the facts showing such performance. She contends that the performance of the condition relative to the state of health at the time of delivery of the certificate was not controverted by the answer within the meaning of the code. If it was not controverted, then under Bal. Code, § 4943, it shall be taken as true.

It is certain that the affirmative matter of the answer does not controvert that allegation since, as we have seen above, it is referable only to the time when the application was signed and prior thereto. If it is controverted so as to put the question in issue, then it must be because of the denial which we have quoted above. That denial, it will be observed, is limited to what is not expressly "admitted, qualified or explained." Just what the pleader means to comprehend by the term "qualified or explained" is indefinite and not clear, and the reader is left in doubt as to just what is denied. If, however, it were construed as amounting to a general denial, we think it would be insufficient to raise an issue as to a breach of a condition precedent under a well-recognized rule upon this particular subject, as held by eminent authorities. That rule is that, when a plaintiff has alleged the performance of conditions precedent, the defendant who desires to rely upon a breach of any such conditions, must specifically point out in his pleading the condition and breach upon which he relies, the general denial being insufficient for

that purpose. Mr. Bliss, in his work on Code Pleading (3d ed.), § 356a, says upon this subject:

"The Codes provide, as we have seen, that in counting upon a contract with conditions precedent, their performance may be stated generally. How then may an intelligent issue be made in respect to such performance? May the defendant say that they have not been performed? May he deny generally the plaintiff's statement and thus put him upon proof of performance as to each condition? Or should he state specifically the breach upon which he relies? Upon principle and analogy the defendant should be required to point out the specific condition and show its breach. He relies upon this breach as an excuse for violating the contract on his part; the demand for certainty in pleading, the general object of written pleadings, requires that he point it out and this is analogous to the common-law practice just spoken of."

In the case of *Kahnweiler v. Phenix Ins. Co.*, 67 Fed. 483, the court said:

"By failing to set up the condition precedent and its breach in its answer, the defendant waived that defense. If the rule were otherwise, a degree of uncertainty would be introduced in the practice in this class of cases much greater even than that which obtained under the general issue at common law. It would be a snare and a pitfall, and neither the plaintiff nor the court would have any knowledge of the issue to be tried. No matter how many conditions precedent the contract contained, the plaintiff would be obliged to go to the expense of preparing to prove performance or waiver of every one of them. An objection of this character cannot be held back, as was done in this case, until, at great expense, a trial has been gone through with, and the plaintiffs have closed their case upon the evidence, and then be brought forward for the first time by way of a demurrer to the evidence. Such a practice would be intolerable."

See, also, *Preston v. Roberts,* 12 Bush 570; *Chambers v. Northwestern etc. Ins. Co.,* 64 Minn. 495, 67 N. W. 367, 58 Am. St. 549; *Benjamin v. Connecticut Indemnity Ass'n,* 44 La. Ann. 1017, 32 Am. St. 362; *Reed v. Hayt,* 109 N. Y. 659, 17 N. E. 418; *Phoenix Assur. Co. v. Deavenport,* 16

Tex. Civ. App. 283, 41 S. W. 399; *Liverpool etc. Ins. Co. v. Hall,* 1 Kan. App. 18, 41 Pac. 65; *Helvetia etc. Ins. Co. v. Edward P. Allis Co.,* 11 Colo. App. 264, 53 Pac. 242; *Moody v. Amazon Ins. Co.,* 52 Ohio St. 12, 38 N. E. 1011, 49 Am. St. 699. We therefore think that the question of a breach of the condition that the insured should have been in sound health at the time of the delivery of the certificate was not within the issues tendered by the answer, and there was no duty resting upon respondent to make proof upon that subject. It was not error to deny the nonsuit.

The above is the most important question raised in the case. We shall now, however, refer to a number of errors assigned upon the introduction of testimony. (a) Objection was sustained to the following question, which was put to the physician who examined the insured at the time his application was filled out: "Did the deceased at that time make known to you the existence then or prior thereto of either the diseases of piles or cancer of the rectum, or any symptoms thereof, or either?" The objection was sustained on the ground that the examination was, at the time it was made, reduced to writing, and that it was already before the jury. The examination showed upon its face that the insured answered the physician that he never had the diseases mentioned, and it is obvious that the witness must have answered the question in the negative, if at all. The writing itself was the best evidence of the disclosures made at that time. (b) Objection was sustained to the following question, which was put to another witness: "Do you recall giving him the information that during the summer Mr. Taylor had complained of piles and laid it to bicycle riding?" The witness had said that some time during the summer of 1901 the deceased stated that he thought he had piles, but that he had not attributed the disease to any particular cause. The question sought to have the witness further say that the witness had said to another person that deceased attributed the cause to bicycle riding. We think it was immaterial what may

have been the cause, the real inquiry being whether the disease in fact existed. (c) Objection was sustained to the following question: "Did you see any conduct or action on the part of Mr. Taylor that would indicate to you that he had piles? If so, what was it?" The witness so interrogated was not a medical expert, and the question called for an opinion which only an expert was competent to give. He might have been asked as to facts he did observe, leaving the conclusion to be drawn by the jury. But the question was not so framed and was objectionable. Objection to another similar question asked of the same witness was also properly sustained. (d) Objection was sustained to the following question: "Did Mr. Taylor make any complaint to you during the summer of 1901 as to his strength or weakness? If so, what was it?" This witness did, however, state that the deceased asked him to turn over some bolt sleds because he said he was not strong enough to do it alone. In view of this, we think it should not be held that the sustaining of the objection to the above question was prejudicial to the extent of calling for reversal. (e) Respondent asked a medical witness the following question: "Now I will ask you, doctor, to state whether or not in your judgment that cancer was of recent growth?" Appellant objected that no proper foundation had been laid, and the objection was overruled. We think sufficient foundation had appeared in the witness' previous testimony. He testified that he took the specified medical training that was in vogue more than twenty years ago, and graduated therein; that he has followed the occupation of physician and surgeon for more than twenty years, and meanwhile has taken several post-graduate courses; that he assisted in performing a surgical operation upon the deceased Taylor for cancer of the rectum, and saw and examined the cancer. It would seem that no further qualification of an ordinary medical witness was required. It was the privilege of appellant to examine the witness as to his specific qualifications and experience concerning the treatment of cancer, and such

a course was pursued.   One other error is urged in connection with this witness' testimony, but we think the exclusion of the question asked was not prejudicial, for the reason that it was hypothetical in form and included some facts not in evidence.

The assignment that the court erred in refusing to direct a verdict for appellant has already been sufficiently covered by what has been said.   The assignments with regard to the giving and refusal of instructions arise chiefly from the views of appellant's counsel as to what was contained in the issues. We think the instructions given fairly stated the law conformably to the issues as viewed by the court, and that view we have sustained by what we have hereinbefore said.   We believe no useful purpose will now be served by specifically discussing the points raised on the instructions.

Under the motion for new trial, misconduct of respondent's counsel is urged.   In this connection we are asked to consider an affidavit of appellant's counsel, but it is not embodied in any statement of facts certified by the court, and under repeated decisions of this court it cannot for that reason be considered.   It is only by means of such a certificate that this court can be properly advised that such an affidavit was called to the attention of the trial court and considered by it.

Reference to the statement of facts, however, discloses the following in connection with the alleged misconduct of counsel.   After the arguments to the jury had been closed, appellant's counsel made the following statement:   "I desire to except to the statement of counsel that Mrs. Taylor had no knowledge material to the case, as being a statement of fact which the counsel is not justified from the record or otherwise in making, and one likely to prejudice the jury."   Thereupon respondent's counsel made an explanatory statement, to the effect that he was simply replying to a statement of appellant's counsel that, if Mrs. Taylor had testified, she would have supported certain facts.   Whatever merit there may have been in appellant's point, the court was not moved to act in

the matter. A mere exception to counsel's statement was announced. This is insufficient for review in this court. *State v. Regan*, 8 Wash. 506, 36 Pac. 472; *State v. Bailey*, 31 Wash. 89, 71 Pac. 715; *State v. Van Waters*, 36 Wash. 358, 78 Pac. 897. In any event, however, we think the court fully cured any error in this connection when, immediately after the occurrence shown above, it of its own motion instructed the jury as follows:

"Gentlemen of the jury. I instruct you now to disregard the statements of counsel for the defendant and counsel for the plaintiff, in so far as the statements are not borne out by the testimony that has been offered and admitted by the court. The statements of counsel, either in argument to the jury or in any objections made to the court or in exceptions taken to any ruling of the court or exceptions taken to any statement of counsel upon either side, are not to be considered by you as evidence in the case, but you must determine this case entirely upon the testimony which has been admitted by the court before you."

It is also urged under the motion for new trial that the verdict was not justified by the evidence. We think there was ample evidence within the issues for the consideration of the jury. By the verdict the jury must have found that the condition precedent as to the state of deceased's health at the time of his application for membership was not violated. That being the only issue before them, we shall not disturb the verdict.

The judgment is affirmed.

MOUNT, C. J., FULLERTON, ROOT, CROW, and DUNBAR, JJ., concur.