[No. 19289. Department Two. June 29, 1925.]

P. C. WALESBY, *Respondent*, v. NATIONAL POLISH INDE-
PENDENT CATHOLIC CHURCH *et al., Appellants.*[1]

CONTRACTS (163½, 169)—ACTION FOR BREACH—CONDITIONS PRECE-
DENT—PLEADING. Under Rem. Comp. Stat., § 288, a general allega-
tion of performance of a contract is sufficient without specially
pleading performance of a condition precedent of a tender of arbi-
tration of disputes arising on a building contract.

SAME (163½, 171)—CONDITIONS PRECEDENT—GENERAL DENIALS.
A general denial of allegations of full performance of a building con-
tract is not sufficient to raise an issue as to the performance of a
condition precedent in the tender of arbitration, which must be
specially pleaded in defense.

MECHANICS' LIENS (72)—PRIORITIES—RIGHTS OF THIRD PERSONS—
VENDOR'S LIEN. In an action to foreclose a mechanics' lien upon a
church, the owner of the property on which the church was built
is not entitled to a lien for the amount he paid for the land, pur-
chased in his name for the church, superior to plaintiff's lien; his
contract with the church not being affected by the suit.

Appeal from a judgment of the superior court for Pierce county, Askren, J., entered November 22, 1924, in favor of the plaintiff, in an action to foreclose a mechanics' lien, tried to the court. Affirmed.

[1]Reported in 237 Pac. 291.

*Louis J. Muscek* and *Blackburn & Gielens,* for appellants.

*Herbert Cochran* and *D. D. Schneider,* for respondent.

MACKINTOSH, J.—The respondent contracted to build a church for the appellant corporation upon real estate owned by the appellant Siejak. Not having been paid in full for the construction of the building, this action was begun to recover the balance due and to foreclose the lien. The trial resulted in a judgment in favor of the respondent and decree of foreclosure, from which this appeal is taken.

The principal point urged in favor of a reversal is that the contract provided that, in case any disagreement arose between the parties thereto, such disagreement was to be determined by arbitrators, and the complaint showing that no arbitration had been offered or any attempt at arbitration made, the respondent was not entitled to begin and prosecute this action.

Section 288, Rem. Comp. Stat. [P. C. § 8372], provides:

"In pleading the performance of conditions precedent in a contract, it shall not be necessary to state the facts showing such performance, but it may be stated generally that the party duly performed all the conditions on his part; and if such allegation be controverted, the party pleading shall be bound to establish, on the trial, the facts showing such performance."

In respondent's complaint he alleges that he has performed all the conditions of the contract on his part to be performed, which is a sufficient pleading under the foregoing section, the tender of arbitration being a condition precedent to the maintenance of the action. To this portion of the respondent's complaint, the appellants' answers present only a general denial. Under

such a state of pleadings, the allegation of performance of the conditions precedent was not so controverted as to compel the respondent to make proof of the performance of such conditions, and, in effect, the pleading admitted the allegation of such performance.

This court, in *Taylor v. Modern Woodmen of America,* 42 Wash. 304, 84 Pac. 867, 7 Ann. Cas. 607, considered a case where the complaint alleged performance of conditions precedent where the defendant in its answer merely plead a general denial, and said:

"That rule is that, when a plaintiff has alleged the performance of conditions precedent, the defendant who desires to rely upon the breach of any such conditions, must specifically point out in his pleading the condition and breach upon which he relies, the general denial being insufficient for that purpose."

The rule there would seem to be conclusive here, and for that reason the point urged by the appellants is not well taken.

The next complaint against the judgment and decree is on the ground that there was not sufficient evidence to support the court's judgment as to the amount to which the respondent is entitled under the contract. The record does not disclose any reason for overriding the trial court's conclusion as to the amount due. The controversy is over the interpretation of the contract; as to whether the respondent had agreed to build the building for a definite price, upon which he would be allowed a commission, or whether the contract was what is generally known as a cost-plus contract. The contract is entirely susceptible of the interpretation given it by the trial court and the amount found due is amply sustained by the evidence, and the judgment in this respect will not be disturbed.

The third point is argued by appellant Siejak, that he should have a lien upon the property which stands

in his name which he purchased for the church, in the amount which he had paid therefor. In no event could Siejak have a lien which would be superior to the rights of the respondent, who entered into the contract for the construction of the church with the appellants with full knowledge of all parties that the Siejaks were the owners of the property upon which they were allowing the church to be built. As between Siejak and the church corporation, it would not seem necessary that any judgment should have been entered, for, under the pleadings and the testimony, Siejak has all the rights to which he ever was entitled and occupies exactly the same position as the agreement between him and the church contemplated.

The judgment and decree are affirmed.

TOLMAN, C. J., FULLERTON, MITCHELL, and HOLCOMB, JJ., concur.