Filed 9/14/23  P. v. Gonzalez CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>MARIO GODINEZ GONZALEZ,<br><br>        Defendant and Appellant. | A166251<br><br>(Mendocino County Super. Ct.<br> No. SCUKCRCR15832642)<br><br>**ORDER MODIFYING OPINION; AND ORDER DENYING REHEARING [NO CHANGE IN JUDGMENT]** |

**BY THE COURT:**

The opinion filed September 5, 2023, is modified as follows:

(1)     Delete the last paragraph starting on page 9 that currently states:

First, Gonzalez forfeited any self-defense argument by failing to raise it below despite having ample opportunity to do so in his briefing and at the section 1172.6 hearing.  "As a general rule, a party who does not raise an argument below forfeits the argument on appeal." (*In re Abram L.* (2013) 219 Cal.App.4th 452, 462.)  This rule "is founded on considerations of fairness to the court and opposing party, and on the practical need for an orderly and efficient administration of the law." (*People v. Gibson* (1994) 27 Cal.App.4th 1466, 1468.)

1

(2)     In the first full paragraph on page 10, delete the last three sentences and citation, which currently state:

> As the defendant, it was Gonzalez's burden to raise this *affirmative* defense before the prosecution was obligated to respond to it.  (*People v. Frye* (1992) 7 Cal.App.4th 1148, 1154–1155.)  The fact that the trial court briefly referenced self-defense in its order is irrelevant.  It was Gonzalez's obligation to raise it in his resentencing petition if he did not want to forfeit the issue.

Replace those last three sentences and citation with the following sentences and citations:

> "As a general rule, a party who does not raise an argument below forfeits the argument on appeal." (*In re Abram L.* (2013) 219 Cal.App.4th 452, 462.)  However, because the People did not raise the issue of forfeiture in its respondent's brief, we will address the merits of Gonzalez's argument. (Gov. Code, § 68081.)  We conclude that substantial evidence supports the trial court's finding that Gonzalez acted with reckless indifference to human life."

(3)     In the last paragraph on page 10, delete the first sentence which states:

> Second, even assuming Gonzalez did not forfeit the issue, substantial evidence supports the trial court's finding that Gonzalez acted with reckless indifference to human life.

This order does not effect a change in the judgment.

Gonzalez's September 12, 2023 petition for rehearing is denied.

Date: ___09/14/2023___                    ___Simons, J.___, Acting P.J.

2

Filed 9/5/23  P. v. Gonzalez CA1/5 (unmodified opinion)
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MARIO GODINEZ GONZALEZ,<br><br>    Defendant and Appellant. | A166251<br><br>(Mendocino County Super. Ct.<br> No. SCUKCRCR15832642) |

Defendant and appellant Mario Godinez Gonzalez appeals the trial court's denial of his petition for resentencing pursuant to former Penal Code[1] section 1170.95.[2]  The trial court initially denied the petition after finding that Gonzalez failed to make a prima facie showing that he was eligible for relief.  Gonzalez appealed that denial and this court reversed and remanded the matter for an evidentiary hearing.

Following the evidentiary hearing, the trial court again denied the petition because it found that Gonzalez could still be convicted of murder under amended section 189.  Specifically, the court concluded that the

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

[2] The Legislature subsequently renumbered section 1170.95 to section 1172.6.  (Stats. 2022, ch. 58, § 10.)  For clarity and consistency, we will only reference section 1172.6.

1

evidence showed beyond a reasonable doubt that Gonzalez was a major participant in the underlying robbery and acted with reckless indifference to human life. Gonzalez appeals on the grounds that he was prejudiced by the erroneous admission of an autopsy report and that the trial court erred in finding there was no evidence Gonzalez acted in self-defense. We affirm.

## I. BACKGROUND[3]

### A. Procedural History

In March 2016, plaintiff and respondent the People of the State of California (People) filed an information charging Gonzalez, Edgar Contreras, and Isidro Lopez Bernal (collectively, defendants) with one count of murder (§ 187), with a special circumstance that the murder was committed during a robbery (§ 190.2, subd. (a)(17)(D)), and one count of second degree robbery (§§ 211, 212.5, subd. (c).) The information further alleged that all three defendants personally and intentionally discharged firearms during the commission of these crimes (§ 12022.53, subd. (c)) and that they personally and intentionally discharged firearms which proximately caused the victim's death (§ 12022.53, subd. (d)).

In February 2017, Gonzalez pled no contest to second degree murder and second degree robbery and admitted to personally using a firearm during the commission of the murder. (§ 12022.53, subd. (b).) On the People's motion, the trial court dismissed the remaining count and special allegations. The parties agreed Gonzalez would receive a sentence of five years for the robbery conviction, 10 years for the firearm enhancement, and a consecutive

---

[3] Pursuant to the People's request, we take judicial notice of the record in Gonzalez's prior related appeal, *People v. Godinez-Gonzales* (August 19, 2021, A160026) [nonpub. opn.]. It is not immediately clear why Gonzalez's name was spelled slightly differently in the prior opinion but we use "Gonzalez" because that is how Gonzalez spells it in his opening brief.

15 years to life for the murder conviction. Accordingly, the court sentenced Gonzalez to 30 years to life in state prison.

In March 2019, Gonzalez filed a petition for resentencing pursuant to section 1172.6. The petition alleged that Gonzalez was prosecuted under a felony-murder theory; that he pled guilty to second degree murder because he believed he could have been convicted at trial under the felony murder rule; and that he could no longer be convicted of murder because of amendments to sections 188 and 189.

Following briefing by the parties, the trial court concluded that Gonzalez failed to make a prima facie case for relief and denied the petition. Specifically, the court found that "[w]hile 'felony-murder' was the theory relied upon by the prosecutor at the preliminary hearing, the Information and the available facts would have certainly allowed the prosecution to proceed to trial on both a felony-murder theory and an aiding and abetting theory." Gonzalez appealed this denial. In an unpublished opinion, this court reversed and remanded the matter "with directions to issue an order to show cause and to hold a hearing at which the prosecution bears the burden of proving, beyond a reasonable doubt, that [Gonzalez] is ineligible for resentencing." (*People v. Godinez-Gonzales*, *supra,* A160026.)

On remand, the trial court held an evidentiary hearing.[4] The People relied on the transcript from the preliminary hearing as well as the victim's autopsy report as evidence. Gonzalez did not offer any evidence. Following

---

[4] The trial court conducted a joint evidentiary hearing with Contreras, who also filed a petition for resentencing, and the two defendants requested that their petitions be heard together.

the hearing, the trial court again denied the petition.[5] The court held that the evidence showed beyond a reasonable doubt that Gonzalez "was a major participant in the robbery and in its commission acted with reckless indifference to human life." The court specifically noted that this was a planned robbery and that Gonzalez and Contreras both "fired their weapons when a voice from the dark told them to stop stealing the marijuana." The court further stated there was "no evidence they fired their weapons in self-defense." The court concluded that Gonzalez could still be convicted of murder under amended section 189 and was therefore not entitled to relief under section 1172.6. Gonzalez timely appealed this second denial.

B.    Facts from Preliminary Hearing

At around 1:00 a.m. on September 27, 2015, Gonzalez drove his truck to a friend's house after she asked to borrow it. When Gonzalez arrived at the house, he told his friend he needed a ride. Contreras was in the passenger seat of the truck. The friend got into the backseat and Gonzalez drove. They stopped and picked up Bernal. They continued driving for about an hour before Gonzalez turned down a dirt road and stopped under an oak tree at around 2:00 a.m. Gonzalez and Contreras got out of the truck for a minute or two and then got back inside. They then drove for a mile before stopping again. This time, all three defendants got out and the friend drove the truck away. Defendants proceeded towards a marijuana garden.

---

[5] The trial court's order noted that statements by Gonzalez and Contreras were admitted at the preliminary hearing under Evidence Code section 1220 and were admissible at the evidentiary hearing on the same grounds in that "the respective statements of the petitioners are admissible as to only the declarant/defendant/petitioner." Thus, neither Gonzalez nor the People can rely on any inadmissible hearsay statements by his co-defendants on appeal.

4

Gonzalez later admitted that he went to the garden to steal marijuana because of a past debt owed to him. Defendants retrieved firearms that Gonzalez hid at the drop-off location ahead of time. Gonzalez had a .223 caliber rifle and provided firearms to Contreras and Bernal. Gonzalez later stated that his intent was to steal marijuana and not to kill anyone. When they arrived at the garden, defendants began cutting and bundling the marijuana. After about an hour in the garden, Gonzalez heard a voice telling him to stop. He was on the hillside, slipped, and heard gunshots. Gonzalez believed there were at least two people shooting at them and stated that he fired two or three shots in the air. He then ran and discarded his rifle under some brush and leaves. He saw the victim and believed he was dead. At some point during this gunfire exchange, Contreras was shot.

Police officers were dispatched to the area to attend to Contreras. Detective Clinton Wyant was also dispatched to the area to investigate. He walked up the hill and found an encampment at the top as well as what appeared to be a well-traveled trail. He followed the trail and discovered the victim's body. The victim had three separate bullet wounds. The victim also had a firearm at his side that was in its holster. Two nearby trees at the top of the hill were damaged by bullets. A rifle casing was found in the garden below and .9mm shell casings were found throughout the area, including nine .9mm fired casings in one of the marijuana bundles. A live .9mm round was also found where police believed the victim was initially.

The victim's autopsy revealed that he was shot from a distant range and that the fatal shot was likely fired at a downward angle. The autopsy did not reveal what kind of ammunition caused the victim's gunshot wounds. Wyant attended the autopsy and testified as to the various bullet wounds he observed, including bullet holes through the victim's leg, abdomen, and back.

## II. **DISCUSSION**

A.     Law and Standard of Review

Effective January 1, 2019, Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437) " 'amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' ([Stats. 2018, ch. 1015, § 1,] subd. (f).)" (*People v. Gentile* (2020) 10 Cal.5th 830, 846–847.)  Among other things, Senate Bill 1437 added section 189, subdivision (e), which "limits liability under a felony-murder theory principally to 'actual killer[s]' ([] § 189, subd. (e)(1)) and those who, 'with the intent to kill,' aid or abet 'the actual killer in the commission of murder in the first degree' (*id.*, subd. (e)(2)).  Defendants who were neither the actual killers nor acted with the intent to kill can be held liable for murder only if they were 'major participant[s] in the underlying felony and acted with reckless indifference to human life' " under section 189, subdivision (e)(3). (*People v. Strong* (2022) 13 Cal.5th 698, 708.)

Senate Bill 1437 also added section 1172.6, which outlines the procedure for defendants convicted of murder to petition for resentencing in the trial court if they believe they could no longer be convicted of murder based on amended section 189.  (Stats. 2018, ch. 1015, § 4.)  If the trial court determines that the petitioner has made a prima facie showing for relief, it must issue an order to show cause and hold an evidentiary hearing. (§ 1172.6, subd. (c).)  At the evidentiary hearing, the parties may rely upon evidence in the record of conviction or new evidence to show whether the petitioner is eligible for resentencing.  (§ 1172.6, subd. (d)(3).)  The

prosecution bears the burden of proving, "beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (*Id*.)

On appeal, we review the trial court's factual findings for substantial evidence. (*People v. Williams* (2020) 57 Cal.App.5th 652, 663.) The test is " 'whether *any* rational trier of fact could have' made the same determination, namely that '[t]he record . . . disclose[s] . . . evidence that is reasonable, credible, and of solid value—such that a reasonable trier of fact could find [as did the superior court]. [Citation.] In applying this test, we review the evidence in the light most favorable to the prosecution and presume in support of the [order] the existence of every fact the [superior court] could reasonably have deduced from the evidence.' " (*Ibid*.)

B. <u>Admission of the Autopsy Report Was Not Prejudicial.</u>

Gonzalez contends that the trial court erred in admitting the victim's autopsy report as reliable hearsay and that the admission of the report was prejudicial. The People concede the court erred in admitting the autopsy report based on a recent amendment to section 1172.6 which made the admission of evidence in a section 1172.6 proceeding subject to the Evidence Code. (§ 1172.6, subd. (d)(3).) However, the People argue that the error was harmless.[6] We agree.

Gonzalez argues that the autopsy report was the only evidence that the victim died from gunshot wounds. We see no merit in this argument.

---

[6] We also agree with the People that the state law standard applies here—whether it is "reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error." (*People v. Watson* (1956) 46 Cal.2d 818, 836.) This standard is applied to the erroneous admission of evidence in a section 1172.6 hearing. (*People v. Myles* (2021) 69 Cal.App.5th 688, 706.) However, our conclusion would be the same even under the standard set forth in *Chapman v. California* (1967) 386 U.S. 18, 24, which Gonzalez argues should apply in this appeal.

Gonzalez himself stated that after the exchange of gunshots, he saw the victim and believed he was dead. Later that morning, Detective Wyant found the victim's body with blood on different parts of him and stated, "It appeared to be a shooting victim." Photographs of the victim's body were admitted into evidence at the preliminary hearing. Detective Wyant attended the autopsy and observed several bullet holes on the victim's body. He testified that the first bullet hole "went through-and-through from the leg with an exit wound behind the left thigh." The second bullet hole had an entrance wound "just below the right rib cage area" and "an exit wound to the left side of the abdomen." The third bullet hole had an exit wound on the right side of the back. When the victim's body cavity was opened during the autopsy, Wyant observed an area of vital organs that were destroyed by a bullet wound.

This evidence amply established that the victim died from his gunshot wounds. Gonzalez cites to *Kinsey v. Pacific Mutual Life Ins. Co.* (1918) 178 Cal. 153 to support his argument that a lay witness is not qualified to give an opinion on the cause of death. In *Kinsey*, the evidence was in dispute as to whether the decedent died from drowning or from an underlying heart condition. During trial, the lifeguards who had attempted to resuscitate the decedent were barred from opining as to whether the decedent's death was due to drowning. (*Id.* at p. 156.) On appeal, the court found no abuse of discretion and held that the lifeguards were not qualified to testify as to the cause of death based on "their observation of the appearance of the body of [the] deceased." (*Ibid.*) Here by contrast, there was no evidence that the victim's death was caused by anything other than his gunshot wounds. Accordingly, it was not necessary for Detective Wyant to opine as to the victim's cause of death and he did not offer any such opinions. Wyant

8

testified as to what he personally observed when he initially found the victim as well as when he attended the victim's autopsy. This included the plainly visible bullet wounds on the victim's body which Wyant described in detail at the preliminary hearing and the trial court properly relied on in its order.

Thus, even without the autopsy report, the trial court had more than sufficient evidence to conclude beyond a reasonable doubt that the victim died of his gunshot wounds. There was no prejudice to Gonzalez from the admission of the autopsy report.

C. The Argument of Self-Defense is Forfeited and Without Merit.

Gonzales next argues that the trial court erred in concluding there was no evidence Gonzalez acted in self-defense and by extension, erred in finding that the prosecution carried its burden of proving beyond a reasonable doubt that he was guilty of murder. In its order, the trial court stated that both Gonzalez and Contreras "fired their weapons when a voice from the dark told them to stop stealing the marijuana. There is no evidence they fired their weapons in self-defense." The court made this comment in support of its conclusion that Gonzalez could still be convicted of murder under section 189, subdivision (e)(2), because he was a major participant in the underlying robbery and acted with reckless indifference to human life. We find no error warranting reversal.

First, Gonzalez forfeited any self-defense argument by failing to raise it below despite having ample opportunity to do so in his briefing and at the section 1172.6 hearing. "As a general rule, a party who does not raise an argument below forfeits the argument on appeal." (*In re Abram L.* (2013) 219 Cal.App.4th 452, 462.) This rule "is founded on considerations of fairness to the court and opposing party, and on the practical need for an orderly and

efficient administration of the law." (*People v. Gibson* (1994) 27 Cal.App.4th 1466, 1468.)

In his resentencing petition, Gonzalez argued there was insufficient evidence that he was a major participant in the robbery and acted with reckless indifference to human life. Gonzalez did not raise the issue of self-defense or imperfect self-defense. Similarly, at the section 1172.6 hearing, Gonzalez did not offer any evidence and argued that the prosecution failed to prove beyond a reasonable doubt that he was a major participant or acted with reckless indifference pursuant to the factors set forth in *People v. Clark* (2016) 63 Cal.4th 522. Again, Gonzalez could have but did not raise the issue of self-defense. As the defendant, it was Gonzalez's burden to raise this *affirmative* defense before the prosecution was obligated to respond to it. (*People v. Frye* (1992) 7 Cal.App.4th 1148, 1154–1155.) The fact that the trial court briefly referenced self-defense in its order is irrelevant. It was Gonzalez's obligation to raise it in his resentencing petition if he did not want to forfeit the issue.

Second, even assuming Gonzalez did not forfeit the issue, substantial evidence supports the trial court's finding that Gonzalez acted with reckless indifference to human life. Indeed, Gonzalez does not directly challenge this finding. Instead, he argues only that the court made a factual error in stating there was *no* evidence Gonzalez fired his weapon in self-defense. Gonzalez is arguably correct if the trial court's statement is read literally and in isolation because Gonzalez did state during his interview that he fired his rifle in response to hearing gun shots. But he ignores the findings that we must imply in support of the judgment. (See *People v. Francis* (2002) 98 Cal.App.4th 873, 878 [on appeal, we " 'imply all findings necessary to support the judgment, and our review is limited to whether there is substantial

10

evidence in the record to support these implied findings' "].) Because the trial court found that Gonzalez acted with reckless indifference to human life, we conclude it necessarily and impliedly found that there was no *credible* evidence of self-defense when it stated that there was "no evidence [Gonzalez] fired [his] weapon[] in self-defense." Specifically, we conclude the court impliedly found that Gonzalez's statement—the only evidence suggesting self-defense—was not credible and should not be afforded any weight.

Substantial evidence supports this implied finding. When Gonzalez was first interviewed by law enforcement about what had happened, he lied and claimed he was at home the entire time on the night of the shooting. When he was interviewed a second time, he continued to lie. Only after he was shown pictures from a surveillance camera which contradicted his claim that he was at home all night did he admit to going to the marijuana garden and claim to have fired his weapon after hearing gunshots. Moreover, the victim was found with a firearm at his side that was still in its holster, indicating that he did not fire his gun. That a live, rather than a spent, .9mm round was found where the victim was believed to have been standing does not, as Gonzalez argues, mean that the victim had used his gun. Nor was there any other evidence at the preliminary hearing to support his claim asserted for the first time on appeal that he acted in self-defense.

Because substantial evidence supports the trial court's implied finding of a lack of credible evidence to support self-defense, we need not consider the People's argument that self-defense is not a defense to felony-murder.

### III. <u>DISPOSITION</u>

The order denying the section 1172.6 petition is affirmed.

11

_____
CHOU, J.

We concur.



_____
SIMONS, Acting P. J.



_____
BURNS, J.



*People v. Godinez Gonzalez* / A166251

12