[No. 22224. Department One. February 13, 1930.]

THE STATE OF WASHINGTON, *Respondent*, v. FRANK MORGAN, *Appellant*.[1]

*Henry Clay Agnew*, for appellant.

*Ewing D. Colvin* and *Lynwood W. Fix*, for respondent.

MILLARD, J.—On this appeal from a conviction of the crime of grand larceny, the only error assigned is that the deputy prosecuting attorney, in his opening argument to the jury, commented upon the failure of the defendant to take the stand as a witness in his own behalf.

[1]Reported in 285 Pac. 455.

The following took place during the opening argument of the deputy prosecuting attorney:

"MR. FIX: The defendant has not taken the stand, although his honor has instructed you that he is a competent witness in his own behalf. MR. AGNEW: I object to the argument of counsel. THE COURT: The jury will follow the instructions. MR. AGNEW: Exception."

█ It will be observed that, when the remarks complained of were made, the appellant objected. The jury were advised by the court to follow the instructions. An exception was noted. No motion was made that the court instruct the jury to disregard the statement.

The jury were instructed by the court that no inference of guilt should be drawn from the fact that the appellant had failed to take the stand and testify in his own behalf.

Had the prosecutor argued further that, from the appellant's failure to take the stand and deny the evidence adduced by the state, it is apparent that the appellant is guilty, a different question would be presented. Limited as the statement is, it did not tell the jury anything they did not already know. The jury saw that the appellant did not take the stand. It will be presumed that the jury know that a man may take the stand in his own defense. The jury were informed by the court that the appellant was a competent witness. The mere mention by the prosecutor that the appellant had not taken the stand, although he was a competent witness, in his own behalf, does not constitute reversible error, in the absence of a request for an instruction to the jury to disregard the statement, when the jury are instructed, as in the case at bar, that no inference of guilt should be drawn from the fact that the appellant failed to take the stand and testify in

his own behalf, unless the misconduct is so flagrant that no instruction will cure it, and with such a situation we are not here confronted.

"Misconduct of counsel cannot be urged as error unless the trial court was requested to correct it by instructing the jury to disregard the same and an exception taken to the court's refusal so to do, . . ." *State v. Meyerkamp,* 82 Wash. 607, 144 Pac. 942.

The judgment is affirmed.

MITCHELL, C. J., PARKER, and TOLMAN, JJ., concur.

BEALS, J., dissents.